### Jim Harrison v. The State.

No. 9544.   Delivered March 17, 1926.

Rehearing denied May 12, 1926.

1.—Manufacturing  Intoxicating  Liquor — Requested  Charge — Properly Refused.

Where, on a trial for manufacturing intoxicating liquor, appellant requested a special charge, limiting the effect of impeaching testimony, which was more objectionable than the court's main charge, and reserved no exception to the main charge, there was no error in refusing the requested charge.

2.—Same—Argument of Counsel—Not Reversible Error.

Where the argument of counsel is in fact improper, but the jury inflicts the minimum punishment, and the evidence amply supports the verdict, we cannot say that such improper argument was injurious to the extent that would warrant the reversal of the case.

3.—Same—Charge  of  Court — On  Circumstantial  Evidence — Properly Refused.

Where the evidence of the state, if true, was sufficient to show by positive testimony the guilt of the appellant, there was no error in the refusal of the trial court to charge on the law of circumstantial evidence.

4.—Same—Evidence—Properly Admitted.

There was no error in permitting the witness Burton to testify that one Mr. Red visited appellant's still and that at the time of his visit appellant stated that Red lived with his sister, and would always notify appellant when anything was coming up, or anything was going to be done, so they could straighten it up. This testimony, if true, being sufficient to show that this party was acting with appellant in violating the law.

**5.—Same — Bills of Exception — Question and Answer Form — Not Considered.**

Numerous bills of exception appear in this record in question and answer form, and for that reason cannot be considered.

**6.—Same—Misconduct of Jury—Not Shown.**

Where complaint is made of misconduct of the jury, and on the hearing of the motion for a new trial, one or two jurors testify to such misconduct, and the remainder testify that the purported misconduct did not occur, we think the court was warranted in refusing to believe that any misconduct occurred, and this being a matter lodged within the sound discretion of the trial court to pass upon, his determination of same will not be disturbed.

ON REHEARING.

**7.—Bill of Exception—Sufficiency Of.**

Where a bill of exception is in question and answer form, and is also objectionable because same is multifarious, and contains a number of exceptions, it cannot be considered. To authorize the consideration by us of a bill of exception in question and answer form, it must contain a certificate of the trial judge to the fact that it was deemed necessary to set the bill out in question and answer form in order to make plain to this court the reason for any ruling.

Appeal from the District Court of Grayson County. Tried below before the Hon. Silas Hare, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*J. P. Cox,* for appellant.

*Sam. D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manufacturing liquor, and the punishment is one year in the penitentiary.

On the trial of the case the appellant testified as a witness in his own behalf and admitted that he was under other indictments for violation of the liquor law. Appellant complains because the court refused to instruct the jury that they could not consider said evidence and charges as a circumstance of guilt. The court in his main charge gave the following instruction:

"In this case, evidence has been admitted before you of other charges against the defendant, you will only consider these as bearing upon his credibility as a witness and not as a circumstance showing his guilt on the charge in this case."

This charge was not excepted to.

The charge, as given, more nearly correctly presented the law than did the special charge offered by the defendant and refused by the court.

Appellant criticizes the argument of the district attorney, and while we think the argument was perhaps objectionable, yet the jury saw fit to give the defendant the lowest penalty and the evidence being amply sufficient to support the verdict, we are not led to the conclusion that reversible error is not shown with reference to the argument of the district attorney.

The court correctly refused to give a charge on circumstantial evidence. The State's testimony, if true, was sufficient to show by positive testimony the guilt of the appellant.

Neither was there error in the court's action in permitting the witness Burton to testify concerning the visit of a Mr. Red to the still. The testimony, if true, is sufficient to show that this party was acting with the appellant in violating the law. The witness Burton testified that at the time the party Red visited appellant at the still appellant said that Red lived with his sister and would always notify appellant when anything was coming up or anything was going to be done so they could straighten up.

Bills of exceptions 7, 8, 9, 11 and 12 are in question and answer form and for that reason will not be considered.

In his motion for a new trial appellant complains at the alleged misconduct of the jury. The testimony of the jurors as to the reception of any improper testimony after they had retired to consider their verdict was highly conflicting, and we are of the opinion that the learned trial court did not abuse his discretion in refusing the new trial on account of misconduct of the jury. As above stated, the alleged misconduct was testified to by one or two jurors, but, on the other hand, the State proved by other jurors that no such misconduct occurred. We think that the court was warranted in refusing to believe that any misconduct occurred, and it is also true that the lowest penalty was assessed, and we think no injury could have possibly occurred to the appellant by reason of the alleged misconduct.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been

examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that we should consider his bill of exceptions No. 9, which he sets out in full in his motion. In addition to the unquestioned fact that said bill of exceptions, which covers several typewritten pages, is in question and answer form, it is further evident that same is multifarious and contains a number of exceptions. There is no certificate of the trial judge to the fact that it was deemed necessary to set the bill out in question and answer form in order to make plain to this court the reason for any ruling. The matter is not before us in such shape as that it can be considered, and the motion for rehearing is overruled.

*Overruled.*