CLARENCE HOLLIMAN v. THE STATE.

No. 10969.  Delivered October 5, 1927.

Rehearing denied November 9, 1927.

**1.—Possessing Intoxicating Liquor—Indictment—Held Sufficient.**

Where an indictment charged appellant with the possession for the purpose of sale of liquor capable of producing intoxication, it was sufficient. See Tucker v. State, 251 S. W. 1090, and other cases cited. Also Art. 666, P. C.

**2.—Same—Misconduct of Jury—Not Shown.**

Where appellant complains that the jury, after having retired to consider their verdict, received other testimony, and the facts disclosed were that after a verdict had been reached, one juror heard another juror say that he had drunk flavoring extract, and knew it would make a man drunk. In the light of the minimum punishment imposed, this would not constitute reversible error.

**3.—Same—Charge of Court—On Weight of Evidence—Properly Refused.**

Where appellant complains of the failure of the court to charge the jury on the weight of his exculpatory testimony, no error is shown. Our laws forbid any charge which is on the weight of the testimony.

**4.—Same—Requested Charge—Properly Refused.**

Where the testimony showed the appellant to have been in possession of a large quantity of flavoring extract, which he had been selling as a beverage, and which was shown to be intoxicating, he was not immune from prosecution under Arts. 666, 667, 672 and 673 P. C., and it was not error for the trial court to refuse to so charge the jury. See Davis v. State, 292 S. W. 1109.

**5.—Same—Charge of Court—Viewed in Its Entirety—No Error Shown.**

In passing upon the charge of the trial court, this court looks to the charge in its entirety to determine its sufficiency, and isolated paragraphs are not viewed alone, but in connection with the entire charge. Under this rule appellant's criticism of the court's charge set forth in his bill of exception No. 6 cannot be sustained.

**6.—Same—Bill of Exception Incomplete—Discloses No Error.**

Where appellant's bill of exception complaining of a paragraph of the court's charge fails to set forth a sufficient statement of the facts involved to enable us to determine the question of error, such bill is incomplete, and manifests no error. See Branch's Ann. P. C., Sec. 207, page 131.

**7.—Same—Argument of Counsel—No Reversible Error Shown.**

Where counsel for the state in his argument to the jury exhibited a bottle of the extract which the appellant was accused of selling and said, "You can never hope to enforce your prohibition law as long as these little merchants like Clarence Holliman are allowed to sell this damnable peach extract containing fifty and fifty-four per cent of alcohol," in the light of the minimum punishment inflicted, the remark was not reversible error, and was a proper deduction from the testimony.

ON REHEARING.

**8.—Same—Misconduct of Jury—Rule Stated.**

The rule governing new trials for alleged misconduct of the jury, often discussed, is that there must be averment and proof of the receipt of the jury in their retirement of new evidence of a material nature, which appearing, the presumption of injury obtains, unless the contrary is made to appear. If the proof of the receipt of such evidence is conflicting, or its materiality doubtful, the conclusions of the trial court will not be overturned, and it might be added that the refusal of a new trial on account of statements made in the jury room is not abuse of judicial discretion, when there is a doubt as to whether the matter complained of occurred before or after verdict was agreed upon. See Ross v. State, 98 Tex. Crim. Rep. 567, and other cases cited on rehearing.

Appeal from the District Court of Rusk County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*McDavid & McDavid* of Henderson, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale, the punishment confinement in the penitentiary for one year.

The facts upon which the prosecution was based are these: Officers found in appellant's store three or four hundred empty bottles, labeled peach, pear and apricot extract, and in his smoke house in a large box well covered up with wheat bran four or five hundred bottles of extract. This extract was

capable of being used as a beverage and of producing intoxication. One witness for the state bought four bottles of pear extract from appellant at one time, and at the time of the purchase appellant did not have it on the shelves in his store, but went elsewhere to get it. The witness drank three bottles of the extract during the day, none of it being drunk in appellant's store. The witness' wife, in attempting to use the extract in baking cakes, found it unsuitable. The sheriff testified that he had seen and arrested drunk men around appellant's place of business.

Appellant contends in his brief that the indictment is fatally defective because the purported liquor consisted of extract which could be lawfully possessed and sold. The indictment, in charging that appellant "did then and there unlawfully possess and have in his possession for the purpose of sale, liquors capable of producing intoxication," is in substantial compliance with the language of the statute, and conforms to the indictment sustained by this court in the case of Tucker v. State, 251 S. W. 1090; Article 666, Penal Code; Nowells v. State, 252 S. W. 550. The fact that the evidence heard by the grand jury and adduced on the trial of the case might not sustain the allegations contained in the indictment would not in itself invalidate the indictment. The courts will not go behind the action of the grand jury to inquire as to what evidence they had or did not have before them when considering whether or not they would present an indictment. See Branch's Annotated Penal Code, Section 484, page 251, and authorities cited. The indictment being sufficient, appellant's contention cannot be sustained.

Appellant's second complaint is that the jury, after having retired to deliberate upon the case, received other testimony. The specific complaint is, that one of the jurors said he had drunk flavoring extract and knew it would make a man drunk, and that the statement was also made by a juror that from his personal knowledge whiskey and water when mixed in equal quantities would produce intoxication. The testimony shows that some of the jurors heard the statements complained of, while others were unconscious that such statements had been made. Several of the jurors testified that the verdict had been reached before the statements were made. None of the jurors testified that the statements were made before the verdict was reached. Appellant received the minimum term. In this condition of the record, the court was warranted in reaching the conclusion that no testimony was received by the jury after

its retirement, before the verdict was reached. It follows that the trial court did not abuse his discretion in refusing a new trial on the ground of misconduct of the jury. Harrison v. State, 283 S. W. 173.

Appellant's bill of exception No. 2 assigns as error the failure of the court to instruct the jury to the effect that if, after the officers notified appellant that it was a violation of the law to sell the extract offered in evidence, appellant withdrew such extract from sale and stored it in his smoke house in the hope of returning it to the person from whom it was purchased and receiving credit therefor, it was immaterial whether such extract was covered up or hidden, as the covering up or hiding of such extract would be no evidence of appellant's guilt. The court states in his qualifications of the bill that the charge was refused because it was on the weight of the evidence and further because it was covered by the main charge. The court ruled correctly in refusing to give this charge. It singles out certain portions of the evidence in the case, and is a charge on the weight thereof.

By bill of exception No. 3 appellant complains of the action of the court in refusing to instruct the jury, as requested by him, that he had a perfect legal right to purchase any amount of the extract introduced in evidence that he might desire to purchase, and that the amount of extract possessed by him on the date mentioned in the indictment was immaterial and could not be considered as evidence of his guilt, and, further, that he could not be convicted unless the jury believed beyond a reasonable doubt that he was knowingly and unlawfully selling such extract as a beverage, even though he was carrying an unusually large stock for his trade. The court qualifies appellant's bill of exception with the statement that the charge was refused because on the weight of the evidence, and further because the matters embodied therein were covered in the main charge. The court's action must be sustained. The instruction requested is clearly a charge on the weight of the evidence.

Appellant takes the position that the requested instruction should have been given for the reason that possession of flavoring extract for purpose of sale cannot constitute an offense, in the absence of proof showing that such extract is capable of producing intoxication and is being sold as a beverage. He contends that Article 671 P. C., providing, in substance, that proof of possession of more than one quart of intoxicating liquor shall be prima facie evidence of guilt, but that the defendant shall

have the right to introduce evidence showing the legality of such possession, does not apply to the possession of more than a quart of flavoring extract, and that the burden of proving a sale of such extract as a beverage must be discharged by the state before a conviction for the offense of possessing intoxicating liquor for purpose of sale can be sustained. Appellant predicates his proposition on the fact that Article 674 P. C. excepts from the provisions of Articles 666, 667, 672 and 673 P. C. flavoring extract when manufactured and sold for a lawful purpose and not as a beverage. Appellant reserved no exception to the action of the court in charging the provisions of Article 671 P. C., and the question of the applicability of this charge to the facts cannot be reviewed. Further, the determination of the point presented by appellant's bill of exception No. 3 does not require us to decide whether the state is required to show a sale of extract as a beverage in order to bring it within the definition of intoxicating liquor. The evidence in this case is sufficient to show a sale of the extract in question as a beverage, and that such extract was capable of producing intoxication. Being sold as a beverage and as such being intoxicating, it became an intoxicating liquor under the provisions of Articles 666, 667, 672 and 673 P. C. Davis v. State, 292 S. W. 1109. It follows that appellant was subject to prosecution for possessing intoxicating liquor for the purpose of sale, and that in deliberating upon a verdict the jury were warranted in considering the amount of extract possessed by him as a circumstance bearing on the issue of guilt.

Appellant complains of the action of the trial court in refusing to instruct the jury to return a verdict of not guilty. We think the evidence was sufficient to sustain the verdict of the jury.

By bill of exception No. 5 appellant complains of the action of the court in charging the jury as follows:

"You are instructed that the laws of the State of Texas provide that if any person shall either directly or indirectly possess for the purpose of sale, liquors capable of producing intoxication, by whatever name it may be called, shall be deemed guilty of a violation of the law, and provides a penalty of not less than one nor more than five years in the state penitentiary."

Appellant's objection to this charge is that it denied appellant the right to possess the extract in question for the purpose of sale, regardless of whether said extract was to be sold legally or illegally. The court states in his qualification of the bill that the matter complained of by appellant was fully explained in the main charge. An inspection of the court's

charge shows that immediately following the instruction complained of by appellant an instruction was given, which reads as follows:

"It is not unlawful for any person to possess for the purpose of sale extracts, known as peach, pear and apricot, and the medicinal preparation known as Jamaica ginger or Jake, when possessed and sold for any purpose other than a beverage, even though the same may be intoxicating liquor, but it is unlawful to possess for the purpose of sale either of such preparations when the same is possessed and sold as a beverage provided such preparations are intoxicating liquor."

We are unable to see how appellant could have been prejudiced by the charge complained of when it is considered in connection with the succeeding instruction. We are constrained to overrule appellant's contention.

By bill of exception No. 6 appellant complains of the use of the term "or capable of being so used" found in paragraph two of the court's charge. Paragraph two reads as follows:

"Any liquor intended for use as a beverage, or capable of being so used, which contains alcohol, either obtained by fermentation, or by the additional process of distillation, or whatever name it may be called, in such proportion that it will produce intoxication, when taken or drank in reasonable quantities by an ordinary person, and that will produce intoxication, when taken or drank in such quantities, is liquor capable of producing intoxication, within the meaning of the law."

Appellant objects to this charge on the ground that the use of the term "or capable of being so used" abridged the right of appellant to possess intoxicating liquor under conditions which might be lawful, and deprived him of the benefit of paragraph four of the court's charge to the. effect that the possession of extract was lawful when possessed and sold for any purpose other than as a beverage, even though the same was an intoxicating liquor.

Appellant's contention cannot be sustained. It was incumbent on the state to show that the liquor in question was an intoxicating liquor. Primarily, under the indictment in this case, it was necessary for the facts to show that the liquor possessed by appellant was a liquor capable of producing intoxication. In the charge in question, the court undertook to announce a standard by which the jury could determine whether a liquor intended for use as a beverage, or capable of being so used, was capable of producing intoxication. Appellant's bill of exception does not challenge the sufficiency of the standard

announced by the court, but is restricted to the criticism that the court, in effect, instructed the jury that any liquor capable of being used as a beverage, which would produce intoxication, was an intoxicating liquor. We are unable to agree with appellant that the charge is susceptible of this construction.

By bill of exception No. 7 appellant complains of the action of the court in admitting, over his objection, testimony that Jake or Jamaica ginger, if drunk by a man in an ordinary way, would produce intoxication. The bill manifests no error, in that it does not contain a sufficient statement of the facts involved to enable this court to determine the question of error. See Branch's Annotated Penal Code, Section 207, page 131.

By bill of exception No. 8 appellant complains of the action of the District Attorney in taking a bottle of the extract introduced in evidence in his hand in view of the jury, and saying in his argument:

"You can never hope to enforce your prohibition law as long as these little merchants like Clarence Holliman are allowed to sell this damnable peach extract containing fifty and fifty-four per cent alcohol."

Appellant objected to this argument and requested the court to withdraw the remarks from the jury and instruct them not to consider such remarks. The court refused the request, and as a qualification of appellant's bill states that the District Attorney was drawing conclusions from the testimony, and that the extract exhibited to the jury had been offered in evidence without objection.

We do not believe that the argument complained of is of the character that would call for reversal. Particularly is this true in view of the fact that the evidence was sufficient to warrant a conviction, and that appellant received the minimum penalty.

Finding no error the judgment is affirmed.        *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant seeks a rehearing on the ground of misconduct of the jury. The rules governing new trials for alleged misconduct of the jury have often been discussed. In the comparatively recent case of Ross v. State, 98 Tex. Crim. Rep. 567, we stated some of them. It is there

stated that there must be averment and proof of the receipt by the jury in retirement of new evidence of a material nature, which appearing, the presumption of injury to the accused obtains unless the contrary is made to appear. It is also stated that if the proof of the receipt of such evidence is conflicting, the conclusion of the trial court will not be overturned, citing Todd v. State, 93 Tex. Crim. Rep. 559. It is also said in the opinion that if the materiality of the evidence given by jurors in the jury room is doubtful—the discretion of the trial court in overruling the motion for new trial, will not be held to have been exceeded, citing Holt v. State, 51 Tex. Crim. Rep. 15, and other authorities. The point at issue in the Ross case, supra, as in the instant case, was misconduct of the jurors, consisting of their having made statements of facts in their retirement, hurtful to the accused. We think it might be fairly added to what was said in the Ross case that we would not hold the refusal of a new trial, sought on account of statements made by one juror to others in the jury room, was erroneous, or an abuse of the discretion of the trial court when the evidence heard left in doubt the question as to whether the matter complained of occurred before or after the verdict was agreed upon by the jury. Looking to the record before us, we find that on the hearing of the motion for new trial eleven jurors testified— three on behalf of appellant and eight for the state. Shumate for appellant said he heard a juror say that water mixed with whiskey in proportions of half and half would produce intoxication. He also said he heard something said in the jury room about extracts making a man drunk, and was of opinion that at the time he heard these statements made the jury had already agreed on the guilt or innocence of the accused. Mr. Hackney, next juror for appellant, testified that he heard a fellow-juror say, after retirement of the jury, that extracts would make a man drunk, because he had imbibed some. Hackney thought the juror saying this was Shumate, and testified: "At least that is the way I understood him." This juror was not certain whether this was before or after the verdict was reached, but was inclined toward the view that it was before. Clinton, the third juror for appellant, testified that he heard a juror say that he had drunk extracts and knew it would make a man drunk, while they were in retirement. He did not know who said it, nor was he able to say whether the jury had made up their verdict or not. Eight jurors testified for the state that they heard no one make any statement in the jury room that he had imbibed extracts and knew it would make a man drunk.

In this connection we observe that the uncontradicted testimony in the statement of facts shows that the extract in question was capable of producing intoxication and two witnesses testified they had seen men drunk from drinking it. No witness testified that it was not intoxicating. This being the state of the case, we fail to see how the statement of a juror during retirement— even if made—to the effect that he knew extracts would make a man drunk because he had imbibed, could injure the rights of the appellant. His sole defense in the case was that he did not possess it for the purpose of sale; that he had been selling it, but his place had been visited by officers before the time in question, and he had then been informed by said officers that it was illegal to sell the extracts, and he claimed to have withdrawn them from sale, and that he was holding them simply for the purpose of getting his money from those from whom he bought same at a time when he thought he had the right to sell said extracts. We must perceive that there were two issues arising upon the testimony heard in connection with the motion for new trial which were left in doubt, viz.: the materiality of the disclosures in the jury room, and also the question as to whether the jury had arrived at a verdict before said disclosures, if any, were made. We do not think the record reflects any abuse of the discretion of the trial judge in refusing a new trial upon the showing made.

Appellant also seriously contends in his motion that the evidence does not sufficiently support the verdict. The record shows that appellant at some time prior to that here charged, was engaged in the sale of extracts which were capable of producing intoxication. He claimed that because the officers informed him of the character of such liquor, he withdrew it from sale, and that he at no time thereafter possessed it for purposes of sale. He said that at the time the officers came to his place he had the extracts upon the shelves, but took them and put them away in his smokehouse. He admitted the receiving of a quantity of such extracts after the visit of the officers, but claimed that he also put these extracts so received away and did not sell any of it. Looking to the state's case, we observe that in addition to the fact that the officers found in and around appellant's premises a large number of empty extract bottles, and found in his smokehouse in a large container and covered with bran, nearly 600 bottles of said extract, the state also introduced a witness who testified that he bought from appellant a number of bottles of extract, most of which he drank, and that at the time he bought it the extract was

not on the shelves, and that appellant had to go out somewhere and get it. We are not disposed to believe the record so bare of evidence supporting the verdict as to justify us in setting aside the conclusion reached by the jury.

Appellant again renews his complaint of the argument of the State's Attorney. The argument complained of is quoted in the original opinion. We are not impressed with the seriousness of the objection. The bottles containing the liquor alleged to have been possessed by appellant for purposes of sale were in evidence and, according to the testimony, showed upon the label the quantity of alcoholic content. In the argument objected to, the State's Attorney referred to the liquor as "damnable peach extract containing 54 per cent alcohol." We do not believe the argument unwarranted by the evidence.

Being unable to agree with appellant's contentions, the motion for rehearing is overruled.

*Overruled.*