**Harry W. McCUTCHEON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 35054.

Court of Criminal Appeals of Texas.

Dec. 12, 1962.

Rehearing Denied Jan. 23, 1963.

---

C. C. Divine, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for assault with intent to rob, with two prior felony convictions alleged for enhancement; the punishment, life.

While testifying for the state, Ross Lewis, co-manager of a large grocery store, and Richard Edward Haines, an employee, identified the appellant as one of two men they met after entering the store about 6 A.M.; that the appellant and his companion were wearing stockings over their faces and each exhibited a pistol and told them it was a hold-up, that all they wanted was money and to obey them and they would not get hurt which put them in fear of serious bodily injury or death. During the arrival of about ten employees who were being held as they arrived in an upstairs room, appellant had Lewis downstairs trying to open the money safe which he was unable to do. While waiting for the cashier to arrive the telephone rang, Lewis was told to answer, it was the manager, and by Lewis calling him "Joe" he was alerted that something was wrong at the store. The officers were notified, and when they arrived, the appellant and his companion, without obtaining any money, ran out the rear door. The appellant was apprehended approximately three blocks from the grocery store before noon that day.

The written statement of the appellant was introduced in evidence and his admissions therein are in substance the same as the evidence of the state above summarized, except the additional fact that he and his companion had concealed themselves in the store the day before, where they had remained until the next morning.

Proof was offered of the prior convictions alleged and that the appellant was the same person so convicted.

The appellant testified that he was in another city at the time of the offense

here charged, that he had returned with another person who had let him out of the car, near the place where he was arrested. He denied the truth of any facts in his written statement connecting him with the robbery; and stated that he signed the statement based upon promises that if he would no enhancement of the punishment would be sought by the use of any prior convictions.

The officer to whom the written statement was made denied that he made such promises to the appellant.

The issue of the voluntary character of the written statement was submitted to the jury.

The appellant sought to quash the indictment on the ground that a written confession was involuntarily obtained from him due to certain promises.

■ An indictment will not be invalidated because an involuntary written statement of the accused about the offense with which he stands charged was obtained from him by the peace officers. 1 Branch 2d 490, Sec. 504; Edwards v. State, 73 Tex.Cr.R. 380, 166 S.W. 517; Holliman v. State, 108 Tex.Cr.R. 92, 299 S.W. 249; Barnes v. State, 134 Tex.Cr.R. 461, 116 S.W.2d 408.

■ It is insisted that the trial court erred in refusing appellant's motion for a change of venue on the ground of the publicity given by radio, television and newspapers of the announcement made by the District Attorney that the appellant was one of the twelve persons he most wanted to convict and send to the penitentiary, and that such publicity deprived him of a fair and impartial trial in Harris County.

In Mendez v. State, Tex.Cr.App., 362 S.W.2d 841, 1962, a similar contention was presented in substantially the same manner, and to which no exception was reserved. There it was observed that there was no showing that any prejudice found its way into the jury box.

The other contentions presented have been carefully considered and they do not show error.

■ The evidence is sufficient to sustain the conviction.

■ Although the indictment used the word "attempt" instead of the word "intent" it did not vitiate the same. King v. State, 127 Tex.Cr.R. 566, 78 S.W.2d 632. The court in its charge submitted the primary offense of assault with intent to rob and also the prior convictions, and the jury found the appellant guilty as charged. The judgment and sentence designating the primary offense as attempted robbery by assault are reformed to read assault with intent to rob. 37 Tex.Jur. 23, Sec. 22; 4 Branch 2d 221, Sec. 1892.

As reformed the judgment is affirmed.

Opinion approved by the Court.