THE PEOPLE OF THE STATE OF NEW YORK v. PAUL MARTIN and NATHAN GILES.— Defendants have been indicted for murder in the first degree. They move in this court (Code Crim. Pro., § 346, subd. 2) for a change of venue. It appears by affidavit without contradiction that both defendants, 16 years of age, were arrested and brought to the 24th Precinct, where they were booked. The proceedings before the police lieutenant were filmed and the film was continued as the defendants were taken to the patrol wagon. On the way to the patrol wagon both defendants were questioned by reporters of the American Broadcasting Company and both the films and the questioning were telecast over Channel 7. It further appears that a Deputy Police Commissioner had directed the police officers of the precinct to give as much co-operation to the press and television reporters as possible and specifically authorized the filming. Detectives engaged in the arrest were authorized to submit to interviews. While the exact figure of the number of people who saw the telecast is in doubt, there can be no doubt that it was a very large number and that the potential for influence on possible talesmen is significant. The effect of the telecast cannot but be prejudicial. The Deputy Police Commissioner defends his action on the ground that the police should keep the public informed through the various news media; and further that the police should not prevent defendants from giving any statement to the representatives of these media that they might care to give. As applied to this case, the explanation is ingenuous. Here two very young men, after first being conditioned by being photographed without their consent, are allowed to be subjected to the insistent questioning of reporters bent on getting sensational details. Defendants far more experienced than these two would get the impression that their inquisitors were approved by those that had them in custody and that to rebuff them would not be advisable. To call this giving them an opportunity to state their version is an exercise in naivete. The practice defeats the very purpose of police work. People are not arrested to provide news stories or telecasts. They are arrested to be brought to justice. Any police conduct that prevents a fair trial could allow the guilty to escape conviction. Good public relations have their importance but being on good terms with the press at the expense of a scrupulous performance of the department's functions is hardly commendable. The motion is granted. Settle order on notice. If defense counsel

and the District Attorney can agree on a county for trial, the same may be inserted in the order. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.