**Harry W. McCUTCHEON**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections.**

**Civ. A. No. 68–H–817.**

United States District Court
S. D. Texas,
Houston Division.
March 17, 1969.

MEMORANDUM AND ORDER.

HANNAY, District Judge.

This Petitioner for federal habeas corpus relief, Title 28, U.S.C.A. Section 2241 et seq., is presently in the custody of the State of Texas under a life sentence. The conviction was for assault with intent to rob and as an habitual criminal. Article 63, Texas Penal Code. Petitioner was convicted in the Criminal District Court of Harris County, Texas in March of 1962. The conviction was affirmed by the Texas Court of Criminal Appeals in McCutcheon v. Texas, 363 S.W.2d 457. The case was tried by a jury on Petitioner's plea of not guilty. Petitioner was represented by counsel of his own selection at the trial and on appeal.

Petitioner has heretofore sought federal habeas relief several times without success. See, for example, McCutcheon v. Beto, 5 Cir., 327 F.2d 228 and McCutcheon v. Beto, 5 Cir., 368 F.2d 574. On the present petition available state remedies, Article 11.07, as amended, have been exhausted as required by law. Title 28 U.S.C.A. Section 2254. Petitioner received a full habeas evidentiary hearing in the convicting state trial court on the issues now before this Court. On the record developed at that hearing habeas relief was denied by the convicting state court and by the Texas Court of Criminal Appeals.

The record now before this Court includes the Transcript of the state habeas evidentiary hearing, the Statement of Facts of the trial, the record of the proceedings which resulted in the conviction, and the Statement of Facts of a hearing on a Motion for change of venue. These records and documents have been carefully reviewed and fully considered.

The operative facts of this case were stated by the Texas Court of Criminal Appeals as follows (363 S.W.2d, at 458):

"While testifying for the state, Ross Lewis, co-manager of a large grocery store, and Richard Edward Haines, an employee, identified the appellant as one of two men they met after entering the store about 6 A.M.; that the appellant and his companion were wearing stockings over their faces and each exhibited a pistol and told them it was a hold-up, that all they wanted was

money and to obey them and they would not get hurt which put them in fear of serious bodily injury or death. During the arrival of about ten employees who were being held as they arrived in an upstairs room, appellant had Lewis downstairs trying to open the money safe which he was unable to do. While waiting for the cashier to arrive the telephone rang, Lewis was told to answer, it was the manager, and by Lewis calling him 'Joe' he was alerted that something was wrong at the store. The officers were notified, and when they arrived, the appellant and his companion, without obtaining any money, ran out the rear door. The appellant was apprehended approximately three blocks from the grocery store before noon that day.

"The written statement of the appellant was introduced in evidence and his admissions therein are in substance the same as the evidence of the state above summarized, except the additional fact that he and his companion had concealed themselves in the store the day before, where they had remained until the next morning."

### I.

Petitioner charges that his confession was involuntary. This issue was squarely presented at the state habeas hearing. Petitioner's counsel was granted the opportunity to fully develop his case on this point. Extensive testimony was taken on the voluntariness issue and this testimony is of record. The state judge before whom the habeas hearing was conducted made an express finding that the confession was in fact and in law voluntary. This method of determining voluntariness is supported, indeed authorized, by the United States Supreme Court authority of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. Jackson v. Denno clearly permits constitutional finality to attach to a proper subsequent and separate determination of voluntariness:

" * * * But as to (Petitioner), who has already been convicted and now seeks collateral relief, we cannot say that the Constitution requires a new trial if in a soundly conducted collateral proceeding, the confession which was admitted at the trial is fairly determined to be voluntary. * * * " 378 U.S. at 395–396, 84 S.Ct. at 1791.

See also: United States ex rel. Butler v. Brierley, 3rd Cir., 387 F.2d 127.

Petitioner's claim of involuntariness is based largely on his alleged susceptibility to coercion as a dope addict and the alleged threat-and-promise use by the prosecution of the available habitual criminal accusation. The subsidiary but decisive issues of coercion and inducement are directly controverted by corroborating and convincing testimony brought forth by the Respondent. Of signal significance is the fact that the confession was rendered by Petitioner scarcely more than an hour after his arrest. This established fact of record is at great variance with the time interval claimed by Petitioner. He was of mature years at the time and experienced in the processes and perils that are preliminary to a felony prosecution. Outside of the alleged dope addiction there is nothing to show that Petitioner was suffering from any particular weakness or illness of body or mind. The record of the state habeas hearing contains abundant testimony that would support the state habeas determination of voluntariness. This testimony is to the effect that Petitioner was under legal arrest and detention at the time; that he had been duly warned of his constitutional rights before making his confession; that he was not under the influence of narcotics or suffering from its addiction to such an extent as not to know what he was doing, willingly do it, or fail to understand what he was doing; that Petitioner did not complain of his physical condition nor was he promised by the police an indulgence of narcotics as an inducement; that the police did not make any promise of leniency; and that Petitioner was not denied the right to consult counsel nor did counsel make an

effort to contact him at times material herein.

■ A finding for Petitioner here would not be supported by the undisputed facts of record. The finding of voluntariness by the state habeas court is not clearly erroneous. It is supported by substantial evidence and by a preponderance of the evidence shown in the complete record.

### II.

Petitioner was arrested without a warrant. The question is whether there was probable cause to support the arrest without a warrant. The facts and circumstances surrounding the arrest were developed at the original trial and that record was before the state habeas court.

The record reflects that Petitioner and his accomplice fled the scene of the crime at approximately 7:30 A.M. They had already disarmed one policeman and fled as additional policemen arrived at the scene. The policemen immediately gave chase and remained in pursuit of the offenders until both of them were caught.

The accomplice was arrested within approximately thirty (30) minutes some two or three blocks away from the scene of the crime. He divulged to the arresting officers the name of the Petitioner as his accomplice. The record reflects that Petitioner for a while hid in the area. At approximately 9:30 A.M. he was seen by a police officer. Petitioner was walking along the sidewalk within a few blocks of the scene of the crime. The Petitioner was asked his name by the police officer; the name coincided with that divulged by the accomplice. Petitioner was thereupon arrested.

■ The police officers did not overreach their constitutional authority in asking Petitioner his name when he was observed walking on the sidewalk a short time after the crime and in close proximity to its scene.

■ With the name he gave coinciding with that divulged to the police by his companion in the attempted robbery, probable cause for his arrest clearly came into being. Then,

"* * * the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. Brinegar v. United States, 338 U.S. 160, 175–176 [69 S.Ct. 1302, 1310–1311, 93 L.Ed. 1879]; Henry v. United States, 361 U.S. 98, 102." [80 S.Ct. 168, 171, 4 L.Ed.2d 134]. Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142.

See also: McCray v. Illinois, 386 U.S. 300, 304, 87 S.Ct. 1056, 18 L.Ed.2d 62, which involved an arrest without a warrant.

### III.

Petitioner attacks the validity of one of the prior felony convictions which was used for purposes of enhancement of punishment. This prior conviction was on a plea of guilty and Petitioner was represented there by experienced counsel.

A valid plea of guilty entered with the advice of competent counsel is conclusive of guilt and serves to waive all non-jurisdictional defects in the prior proceedings against him. Busby v. Holman, 5 Cir., 356 F.2d 75.

■ The record does not support Petitioner's claim that he was improperly denied counsel of his own choosing. The record does support directly the validity and voluntariness of the plea of guilty. The record does not support the proposition that Petitioner was improperly denied counsel of his choice on the plea of guilty; nor does it support the remaining defects of non-jurisdictional dimension alleged by Petitioner in respect to his plea of guilty on the prior felony conviction.

### IV.

The record reveals that the state habeas evidentiary hearing complied with the requirements of Townsend v. Sain, 372

U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, as well as those of the Texas habeas corpus statute, Article 11.07, as amended, Texas Code of Criminal Procedure, and Title 28 U.S.C.A. Section 2254 as amended. It should be noted that the Statement of Facts of the original trial was before the state habeas court and is incorporated in its Transcript of the evidentiary hearing. The material facts and circumstances surrounding the arrest of Petitioner were developed at the original trial. The full record renders them completely reviewable here as they were by the state habeas courts. The record reveals that there has been full state habeas evidentiary consideration accorded the contentions now urged by Petitioner. Nor was evidentiary opportunity denied Petitioner to bring on material proof relative to his every cognizable claim.

■ The record includes the Transcript of the hearing on a Motion for Change of Venue conducted by the trial court prior to the trial. This relates to Petitioner's claim that he was denied a fair trial because of local publicity that he was on the state district attorney's "most wanted" list. The then state district attorney testified that the individuals on that list were at the time under felony indictment. The publicity concerning this list was neither intense nor widespread. It was clearly not such as to infect the fairness of Petitioner's eventual trial. See and compare: Sheppard v. Maxwell, 384 U.S. 333, 352–355, 86 S.Ct. 1507, 16 L.Ed.2d 600; Irvin v. Dowd, 366 U.S. 717, 722–723, 81 S.Ct. 1639, 6 L.Ed.2d 751. The factual record additionally fails to support Petitioner's claim that his rights to due process of law were violated at the identification lineup following his arrest. Compare: United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), involving a post-indictment lineup and which, like Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is not retroactive. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

Petitioner's attack upon the reading of the habitual criminal counts of the indictment to the jury must fail in light of Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). This authority directly sustained the federal constitutionality of the Texas enhancement of punishment statutes as they then existed (Articles 61, 62 and 63, Texas Penal Code) and as they existed at times material here. Spencer expressly upholds Article 63 as it was invoked and applied in this case.

The full factual record before the Texas habeas courts, trial and appellate, justified their denial of relief to Petitioner on the grounds urged by him there and which are cognizably before this Court.

For the foregoing reasons, the Petition for Writ of Habeas Corpus should be, and it is hereby, denied.

The foregoing constitutes Findings of Fact and Conclusions of Law. This is and constitutes a final judgment herein.