**IN THE COURT OF CRIMINAL
APPEALS OF TEXAS**

**NO. CR-2011-196
ALBERT RODRIGUEZ MEDELLIN, Petitioner**

**V.**

**THE STATE OF TEXAS, Respondent**

**ON PETITION FOR DISCRETIONARY REVIEW OF THE FOLLOWING:**

**IN THE COURT OF APPEALS
FOR THE 13TH DISTRICT
NO. 03-13-00158-CR
ON DIRECT APPEAL FROM
COMAL COUNTY, TEXAS**

**TRIAL COURT CASE NO. CR2011-196
Honorable Carl E. Stewart, Chief Judge Presiding**

RECEIVED IN
COURT OF CRIMINAL APPEALS

June 12, 2015

ABEL ACOSTA, CLERK

Larry Warner,
Counsel for Petitioner
Alberto Rodriguez Medellin
3109 Banyan Circle
Harlingen, Texas 78550
Phone: (956) 230-0361
Facsimile: 1-866-408-1968
office@larrywarner.com
Texas Bar#20871500;USDC,SDTX 1230;
Board Certified, Criminal Law, Texas Board
of Legal Specialization(1983)
Member of the Bar of the Supreme Court of
the United States (1984)

Pursuant to *TEX.R.APP.P.68.4,Appellant provides the following identity of parties and counsel:*

### Identity of parties and counsel

Alberto Rodriguez Medellin, Appellant

FOR THE STATE OF TEXAS at trial and on appeal and on petition for discretionary review:

Ms. Jennifer C. Smith *** and ***

Ms. Laura B. Bates COMAL COUNTY DISTRICT ATTORNEY'S OFFICE 150 North Seguin, Suite 307 New Braunfels, Texas 78130 (830) 221-1300

FOR THE DEFENDANT ALBERT RODRIGUEZ MEDELLIN at trial:
Thomas P. 'Tom' Clark ATTORNEY AT LAW 800 West San Antonio Street, Suite B New Braunfels, Texas 78130 (830) 624-0804

FOR THE DEFENDANT ALBERT RODRIGUEZ MEDELLIN On Appeal and on petition for discretionary review:

Larry Warner,
Counsel for Petitioner
Alberto Rodriguez Medellin
3109 Banyan Circle
Harlingen,Tx 78550
Phone: (956) 230-0361
Facsimile: 1-866-408-1968
office@larrywarner.com
Texas Bar#20871500;USDC,SDTX
1230; Board Certified, Criminal Law,
Texas Board of Legal
Specialization(1983)
Member of the Bar of the Supreme
Court of the United States (1984)

Pursuant to TEX.R.APP.P.68.4(a), Petitioner provides this Table of Contents with reference to the pages of the Petition, indicating the subject of each ground or question presented for review.

## TABLE OF CONTENTS                    PAGE

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement re oral argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

Statement of the case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

Statement of procedural history . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

Grounds for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

1. The Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States.

The question is: Does the Trial Court abuse its discretion in denying a change of venue when the evidence is otherwise in equipoise but the District Attorney herself announces publicly pretrial her personal opinion that the defendant is guilty? Does the district attorney's publicized opinion fulfill the prejudice requirement of TEX.CODE CRIM.P.art.31.02(a)?

The decision of the Court of Criminal Appeals is **Ransonnette v. State**,522S.W.2d509(Tex.Crim.App.1975)

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-12

Prayer for Relief......................... 16

Pursuant to TEX.R.APP.P.68.4(b), Petitioner provides an Index of Authorities, arranged alphabetically and indicating the pages of the petition where the authorities are cited.

## INDEX OF AUTHORITIES

**CASES:**             **PAGES**

**Ransonnette v. State**,522S.W.2d509(Tex.Crim.App.1975)

**McCutcheon v. State,**363 S.W.2d 457 (Tex.Crim.App. 1962)

> Refusal of defendant's motion for change of venue on ground that publicity given by radio, television and newspapers of district attorney's announcement that defendant was one of 12 persons he most wanted to convict and send to penitentiary deprived defendant of fair and impartial trial was not error in absence of showing that any prejudice found its way into jury box.

Pursuant to TEX.R.APP.P. 68.4©, Petitioner includes a short statement of why oral argument would be helpful.

### Statement re Oral Argument

Oral argument would be helpful to the decisional process. The Court and Counsel could discuss the correct standard of review of the decision to deny a motion for change of venue.

Most recently, the Court of Criminal Appeals stated:

> "Indeed, even extensive knowledge of the case or defendant in

the community as a result of pretrial publicity is not sufficient if there is not also some showing of prejudicial or inflammatory coverage.8" **Gonzalez v. State**,222 S.W.3d446,449hn2(Tex.Crim.App.2007) regresar

Earlier, the Court of Criminal Appeals had set a more exacting standard:

"Refusal of defendant's motion for change of venue on ground that publicity given by radio, television and newspapers of district attorney's announcement that defendant was one of 12 persons he most wanted to convict and send to penitentiary deprived defendant of fair and impartial trial was not error in absence of showing that any prejudice found its way into jury box. **McCutcheon v. State,**363 S.W.2d 457 (Tex.Crim.App. 1962).

The Court and Counsel could discuss whether the Court of Appeals correctly interpreted the standard set out by the Court of Criminal Appeals in **Ransonnette v. State**,522S.W.2d509(Tex.Crim.App.1975) The Court of Appeals did not review the prejudice from the publication of the District Attorney's opinion that the defendant was guilty.

Considering evolving standards of due process and due course, as well as promulgation of higher standards of conduct and more precise rules of professional conduct, the Court of Criminal Appeals and Counsel could discuss whether it is time to revisit a half-century old opinion on the subject of the prosecutor's public expression of opinion on the defendant's guilt. See: **McCutcheon v. State,**363 S.W.2d 457 (Tex.Crim.App. 1962)

Refusal of defendant's motion for change of venue on ground that publicity given by radio, television and newspapers of district attorney's announcement that defendant was one of 12 persons he most wanted to convict and send to penitentiary deprived defendant of fair and impartial trial was not error in absence of showing that any prejudice found its way into jury box. **McCutcheon v. State,** 363 S.W.2d 457 (Tex.Crim.App. 1962)

Pursuant to TEX.R.APP.P.68.4(d), Petitioner provides a statement of the case, noting briefly the nature of the case, and reserving the details of the case for statement with the pertinent grounds or questions.

## Statement of the case

The nature of the case was a prosecution of Petitioner for murder.

Petitioner pleaded not guilty and tried guilt/innocence to a jury.

The jury found him guilty of murder.

The jury recommended and the judge imposed a sentence of life imprisonment.

Petitioner timely filed a Notice of Appeal to the Court of Appeals for the Third District of Texas. The Supreme Court of Texas transferred the matter to the Court of Appeals for the Thirteenth District of Texas.

A Panel of the Court of Appeals for the Thirteenth District of Texas affirmed the judgment of conviction and sentence imposed.

Petitioner sought and obtained an extension and then timely filed Motions for Rehearing and Rehearing En Banc. The Court of Appeals overruled both Motions on

May 14, 2015. (Before Petitioner filed timely motions for rehearing and rehearing en banc, Petitioner sought from the Court of and obtained from the Court of Criminal Appeals a thirty-day extension to file this Petition until June 3, 2015.)

Petitioner timely presents this Petition for Discretionary Review.

Pursuant to TEX.R.APP.P.68.4(e), Petitioner provides a Statement of Procedural History.

**Statement of the Procedural History of the Case**

The court of appeals is the Court of Appeals for the Thirteenth District of Texas. (The matter was appealed to the Court of Appeals for the Third District of Texas. The Supreme Court of Texas transferred the matter to the Court of Appeals for the Thirteenth District of Texas.)

Re: TEX.R.APP.P.10.5(b)(3)(B), the date of Court of Appeals' judgment is April 2, 2015.

Re: TEX.R.APP.P.10.5(b)(3)© the case number in the Court of Appeals is "NUMBER 13–13–00190–CR".

Re: TEX.R.APP.P.10.5(b)(3) (D), the date every motion for rehearing or en banc reconsideration was filed:

On May 1, 2015, Petitioner filed a Motion for Extension of Time to file the Motion for Rehearing and to file the Motion for Rehearing En Banc. Those Motions

for Rehearing were due on May 4, 2015. Petitioner asked till June 3, 2015 to file those Motions for Rehearing.

An extension was granted until June 3, 2015. The Court of Appeals overruled both motions on May 14, 2015. However, on May 4, 2015, Petitioner filed both Motions for Rehearing and Motion for Rehearing En Banc. The 30th day after May 14, 2015 is Saturday, June 13, 2015. So, the Petition for Discretionary Review is due on Monday, June 15, 2015.

This Petition is filed by sending it electronically to the Clerk of the Court of Appeals to the following address:

Clerk, Court of Appeals for the Thirteenth District of Texas, 5th Floor, Hidalgo County Administration Building, 100 East Cano Street, Edinburg, Texas.

Pursuant to TEX.R.APP.P.68.4(f), Petitioner states briefly, without argument, the questions presented for review, expressed in the terms and circumstances of the case, but without unnecessary detail.

## GROUNDS FOR REVIEW

Grounds for Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

1. The Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States.

The question is: Does the Trial Court abuse its discretion in denying a change of venue when the evidence is otherwise in equipoise but the District Attorney herself announces publicly pretrial her personal opinion that the defendant is guilty.

The decision of the Court of Criminal Appeals is **Ransonnette v. State**,522S.W.2d509(Tex.Crim.App.1975)

The Court of Appeals did not apply the standard correctly because it did not consider the extreme prejudice of the district attorney's having publicly expressed to the small-town newspaper her personal opinion that the defendant was guilty. The District Attorney charged Petitioner with causing his wife's death and then told the media, "he caused her death".

Pursuant to TEX.R.APP.P.68.4(g), Petitioner provides a direct and concise argument, with supporting authorities, amplifying the reasons for granting review.

**ARGUMENT**

The question is: Does the Trial Court abuse its discretion in denying a change of venue when the evidence is otherwise in equipoise but the District Attorney herself announces publicly pretrial her personal opinion that the defendant is guilty.

The decision of the Court of Criminal Appeals are **Ransonnette v. State**,522S.W.2d509(Tex.Crim.App.1975) In **Ransonnette** the Court of Criminal Appeals determined that the trial court did not abuse its discretion in denying a change

of venue when the trial court was presented with an evenly divided choice of witnesses and evidence regarding whether the defendant could receive a fair trial.

The Court of Appeals treated the record as if it were like the record in **Ransonnette**...evenly divided. But the record was not evenly divided. The record showed that the District Attorney herself expressed to the one newspaper in this county of five-thousand subscribers her personal opinion that Petitioner was guilty. Here the prosecutor expressed her personal opinion to the media that the defendant was guilty.

> "Jennifer Smith, stated that:  We don't know the final
> mechanism of death, but I want it to be clear that she died as
> a result of Albert Medellin." (RR 2 40)

Another decision of the Court of Criminal Appeals is **Williams v. State**,170 S.W.2d 482(Tex.Crim.App.1943). "The venue of this case should have been changed." **Williams v. State**,170 S.W.2d 482(Tex.Crim.App.1943)

The question is important to the jurisprudence of the state because the District Attorney is prohibited from expressing such opinion.

> "(b) A lawyer ordinarily will violate paragraph (a), and the
> likelihood of a violation increases if the adjudication is on-
> going or imminent, by making an extrajudicial statement of
> the type referred to in that paragraph when the statement refers
> to:***(4) any opinion as to the guilt or innocence of a defendant

or suspect in a criminal case or proceeding that could result in incarceration;" Tx Disc.R.Prof.Conduct§3.07

The analysis of the Court of Appeals in relying on **Gonzalez, Montanez, De Blanc, and Salazar** is flawed precisely because none of those cases involved a public and publicized opinion by the very District Attorney who was to prosecute the defendant that he was guilty.

In **Gonzalez**, "local newscasts aired the surveillance tape depicting the murder of the convenience store clerk." **Gonzalez v. State**,222 S.W.3d446,447(Tex.Crim.App.2007) There is nothing in **Gonzalez** from which the public might conclude that the person who was to prosecute the case might have or did have important evidence about the case supporting her/his opinion that the defendant was guilty. The Court of Appeals' reliance on **Gonzalez** was misplaced.

In **Salazar**,

> "The trial court admitted several newspaper stories and tran-
> scripts of television news coverage concerning appellant's
> case and the similar cases underway at the time." **Salazar v.
> State**,38SW3d141,150hn13(Tex.Crim.App.2001)

Nor was there anything in Salazar about the district attorney saying in the media that the defendant was guilty. In Medellin the district attorney told the newspaper that Medellin caused the death of Medellin's wife, exactly what Medellin was charged with.

**Montanez** deals with presumed findings of fact. It was a matter involving a motion to suppress. **Montanez v. State**,195 S.W.3d101,106hn4(Tex.Crim.App.2006) Montanez does not treat venue.

In **DeBlanc**, the appellant's own evidence on publicity was weak and conflicting and the state put on twenty-five witnesses who said the murder defendant could get a fair trial in Liberty County. **DeBlanc v. State**,799SW2d701,704hn2(Tex.Crim.App.1990)

Nor was there anything in **DeBlanc** about the district attorney saying in the media that the defendant was guilty. In **Medellin** the district attorney told the newspaper that Medellin caused the death of his wife, exactly what he was charged with.

## McCutcheon distinguished

This is not an appeal and Petitioner is not trying to treat this process as if it were one seeking a writ of error. The Court of Appeals simply did not apply the standard correctly because it did not examine the prejudice adequately.

**Ryser, infra,** relies on **Mendez**, another half-century old decision adopted before the 1965 Code of Criminal Procedure, before present rules of professional conduct were in effect, and before American Bar Association Standards for a Fair Trial and a Free Press were published.

In **Mendez:**

> "District Attorney Briscoe 'has been reported by Television and Radio news reporters and by all of the three Houston newspapers both by story and photographs that Guadalupe Morales Mendez was a person charged with an offense in Harris County and was one of twelve he most wanted to convict and most wanted to see in the penitentiary..........'"

**Mendez v. State**,362SW2d841,842hn2(Tex.Crim.App.1962)

The Court of Criminal Appeals did not reach the venue matter in **Mendez** because trial counsel had not reserved an exception, another ancient practice no longer used. **Mendez v. State**,362SW2d841,843hn3(Tex.Crim.App.1962)

**The Court of Appeals did not consider the**

**"nature of the publicity".** *Gonzalez* at 451hn7

The Court of Criminal Appeals set out the test for whether pretrial publicity was prejudicial:

> "In examining whether the pretrial publicity is prejudicial and inflammatory, a trial court may take three matters into consideration: 1) the nature of the publicity, 2) any evidence presented at a change of venue hearing, and 3) testimony received from venire members at voir dire.17" **Gonzalez** at 451hn7

The Court of Appeals did not consider the "nature of the publicity", namely that the District Attorney told the small-town's only newspaper that the defendant caused his wife's death, that he was guilty.

In **Gonzalez** the Court of Criminal Appeals noted that it had only reversed for

the trial court's failure to grant a change of venue onetime, in Jack Ruby's case, Rubenstein v. State, 407 S.W.2d 793 (Tex. Crim. App. 1966)

In **Gonzalez**, the Criminal Appeals said that showing a video of the crime was "not sufficient to place beyond the zone of reasonable disagreement the trial court's decision to deny appellant's motion." **Gonzalez** at 451 hn8

In Medellin, the Court of Criminal Appeals should clarify the standard in the light of **Rubenstein**; it should hold that the District Attorney's publicizing of her opinion that Petitioner "caused the death of his wife" after the very same District Attorney had *charged* that Petitioner "caused the death of [his wife]" was indeed sufficient to place beyond the zone of reasonable disagreement the trial court's decision to deny appellant's motion."

**Other jurisdictions' treatment of prosecutor's pretrial statements re defendant's guilt.** The Court of Criminal Appeals may consider the opinions of other jurisdictions . " Numerous decisions of other appellate courts, including Texas courts of appeals and courts of other jurisdictions, are in accord with our holdings ...."**Lawrence v. State** ,240 S.W.3d 912,917 hn12 fn24(2007)

Those opinions about the prosecutor's pretrial statements about the defendant's guilt are gathered at "Pretrial Publicity in Criminal Case as Ground for Change of Venue" 33 A.L.R.3d 17.

> "Prosecuting attorney-
>
> newspaper under control of § 27[a]
>
> participation in release of publicity §§ 20, 27[a],
>
> 32[a], 40, 46 television appearances by § 32[a]"

When the *judge* said in a letter that defense counsel knew the defendant was guilty in a murder case, the judge was disqualified. His letter was publicized in the small-town newspaper. Even though there was a new judge, the trial was deemed unfair because of the comment by a trial official on the defendant's guilt. **People v. McKay**,236 P2d145(Cal.1951)

Where the newspaper coverage went beyond objective dissemination of information by reporting of extrajudicial statements by prosecutors, the trial judge abused his discretion in denying a change of venue and the Supreme Court of Montana granted a peremptory writ. **State ex rel. Coburn v Bennett**,655 P2d 502(Mont.1982)

It was reversible error to refuse change of venue for defendant accused of trafficking in heroin where prosecutor, at press conference immediately after defendant's arrest, stated that defendant was guilty. **State v Wilson** (W Va) 202 SE2d 828 (W. Va.)

> "In this press conference which was reported by newspapers,
> radio and television in and around Monongalia County, the
> prosecutor made several extra-judicial assertions. He strongly
> indicated that this defendant, among others, was guilty.
> "**State v Wilson**, 202 SE2d 828 (W. Va.1973)

The Court in Wilson found prosecutorial misconduct and cumulative error and ordered a new trial.

The Court of Appeals in Medellin misconstrued the standard of review on denial of a motion for change of venue. The Court of Criminal Appeals should grant this petition for discretionary review, allow full briefing, and order a new trial.

**The Court of Appeals in Medellin misapplied the test for prejudice in discounting the fact that there was only one newspaper in the county.**

In **Coburn**, there was only one newspaper in the county. The "Independent Record, the only daily newspaper in Lewis and Clark County." The population of Lewis and Clark Co. In 1982 was about 52,000. (Google, "population Lewis and Clark County, accessed 06/11/15). Comal County had about 100,000 at the time of trial (Google, "population Lewis and Clark County, accessed 06/11/15).

In **Coburn**, the prosecutors intimated their opinion of the strength of their evidence:

> ""County Attorney Charles Graveley was shaking his head in wonder.
> " 'When you read her statement,' he said of Thursday's 11-year-old rape victim, 'you'd think she was 28 or 29, and well-educated at that.
> " 'It's the best statement from a rape victim I have seen in five years,' he said.
> "Assistant County Attorney Steve Garrison had another way of putting it this morning.
> " 'He picked the wrong little girl,' he said. 'She's the kind that when you say, "describe the vehicle," she just does it.'" **Coburn** at 503 [internal quotations
> unchanged,lw]
> The County Attorney also said: "Graveley said it was his opinion that $100,000 bail to keep Coburn in jail to protect the community was legally proper." **Coburn** at 504
> " 'Once he's found insane, he virtually has a license to commit another crime and another crime and not go to prison,' Graveley said." **Coburn** at 504

The prosecutor in Coburn plainly told the only newspaper in the county that he thought the defendant was guilty.

> "County Attorney Graveley was campaigning for reelection during the pendency of the Coburn case. The Independent Record ran a "Candidates Say"" 'The bail in serious crimes must be set sufficiently high to insure that the defendant is *not going to commit any more crimes* against our citizens while awaiting trial on the former charge.' " (Emphasis supplied.)" [Court supplied emphasis,lw]

The Court condemned the prosecutor's statements in Coburn:

> "County Attorney Graveley's campaign statement that bail should
> insure that "the defendant is not going to commit any more crimes"
> shows a total disregard for the fundamental constitutional
> protection embraced by the concept of presumed innocence,
> and under the circumstances implies that relator is guilty."
> **Coburn** at 507hn5

Although not in the record, in deciding whether to grant this petition for discretionary review, the Court of Criminal Appeals may note that the prosecutor in Medellin was running for election after Medellin was arrested in 2010. She was sworn in January of 2011. Medellin was indicted in April of 2011.

In Medellin, the District Attorney's comments were even more explicit than those in Coburn. The District Attorney charged that Medellin caused the death of his wife and then told the county newspaper that "he caused the death of his wife".  The Court of Appeals misapplied the standard when it discounted the District Attorney's comment.

In applying the standard, the Court of Appeals did not consider the effect of there being one newspaper in the County. The evidence showed that Comal had 100,000 people and that 5,000 subscribed to the newspaper, the only newspaper.

The Court of Appeals should have considered the prejudicial effect of publishing the prosecutor's opinion that the Petitioner "caused his wife's death".

"While the exact figures of the number of people who saw the telecast were in doubt, the court stated that there could be no doubt that it was a very large number and that the potential for influence on possible talesmen was significant, and that the effect of the telecast could only be prejudicial." **People v Martin** (1963) 19 App Div 2d 804, 243 NYS2d 343

**The Court of Appeals misapplied the standard by treating Harris County and Comal County as if they were the same for purposes of publicity.**

**The population of the county matters when considering prejudice and change of venue.**

The Court of Appeals relied on **Ryser v. State**,453 SW3d 17,37(Tex.App.–Houston[1st Dist]2014,pet.ref'd)  **Ryser** dealt with a news conference involving the mayor, a state representative, and the district attorney. The opinion in **Ryser** does not cite any statement or opinion from the district attorney. The Court of Appeals considered the size (population) of Harris County in deciding that prejudice was not proven. The Court of Appeals in **Ryser** also noted that there was a video of the crime.**Ryser v. State**,453 SW3d 17,37(Tex.App.–Houston[1st Dist]2014,pet.ref'd)

The Thirteenth Court of Appeals' reliance on **Ryser** was misplaced. Harris has almost thirty-six times more population that Comal. Harris has "population, 2014 estimate 4,441,370". http://quickfacts.census.gov/qfd/states/48/48201.html accessed May 25, 2015) Comal has "population,2014 estimate123,694".(http://quickfacts.census.gov/qfd/states/48/48091.html accessed May 25, 2015)

The Court of Criminal Appeals will please take judicial notice of those statistices from the United States Census Bureau. TEX.R.EVID.201(d)

The case against Medellin was circumstantial; there was no statement from the defendant and there were no eyewitnesses.

## CONCLUSION

The Court of Criminal Appeals should grant this petition and allow full briefing.

**In the Court of Criminal Appeals of Texas**
**No. CR-2011-196**
**On Petition for Discretionary Review of the following:**
**CAUSE NO 03-13-00158-CR**
**IN THE COURT OF APPEALS**
**FOR THIRTEENTH JUDICIAL DISTRICT**

**ALBERTO RODRIGUEZ MEDELLIN, PETITIONER**
**V. THE STATE OF TEXAS**
**ON APPEAL FROM COMAL COUNTY, TX**

**TRIAL COURT CAUSE NO. CR2011-196**

**\* \* \* \* \* \* \* \* \***
**CERTIFICATE OF SERVICE**
**\* \* \* \* \* \* \* \* \***

I mailed on  a copy of the PDR Addressed to the Court of Criminal Appeals of Texas to:

, State Prosecuting Attorney, P.O. Box 12405, Austin, TX 78711

Hon. Jennifer Tharp, District Attorney, 150 N. Seguin Ave., Suite 307, New Braunfels, TX 78130

Hon. Laura Burton Bates, Assistant Criminal District Attorney, 150 N. Seguin Ave., Suite 307, New Braunfels, TX 78130

I mailed the copies on June 12, 2015.

Respectfully submitted
June 12, 2015
By:*/S/ LARRY WARNER*
Larry Warner,
Counsel for Petitioner
Alberto Rodriguez Medellin
3109 Banyan Circle
Harlingen, Texas 78550
Phone: (956) 230-0361
Fax: 1-866-408-1968
email: office@larrywarner.com
Texas Bar#20871500;USDC,SDTX 1230; Board
Certified, Criminal Law, Texas Board of Legal
Specialization(1983)
Member of the Bar of the Supreme Court of the
United States (1984)

Print this page

# Envelope 5663500

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 06/12/2015 04:11:55 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | LARRY WARNER |
| Firm Name | LAW OFFICE OF LARRY WARNER |
| Filed By | LARRY WARNER |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | TX REG OPERATING |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 9294092 |
| Order # | 005663500-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Medellin PRD |
| Reference Number | Alberto Rodriguez Medellin |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 06/12/2015 | The petition for discretionary review does not contain a certification of compliance with T.R.A.P. 9.4(i)(3). The petition for discretionary review does not contain the |

| Other | 05:05:38 PM | identity of Judge, Parties and Counsel in compliance with [Rule 68.4(a)]; the identity of the trial court judge is missing. The petition for discretionary review does not contain a copy of the court of appeals opinion. [Rule 68.4(j)] Your petition remains due June 3, 2015. |

## Documents

| *Lead Document* | PDR 061215.pdf | [Original] |