## SAM RUNNELLS v. THE STATE.

*No. 708. Decided May 4.*

1. **Indictment—Assault with Intent to Rob—"Attempt," for "Intent."**— It is generally sufficient, in charging an offense, to follow the language of the statute; but where words of equivalent or more comprehensive meaning are used, this is sufficient. *Held*, the word "attempt" is more comprehensive than "intent," and when used in the indictment sufficiently charges intent in setting out the offense of assault with intent to commit robbery. Following Atkinson v. The State, ante, p. 424.

2. **Same—Certainty in Indictment.**—The certainty required in an indictment is, (1) that the offense be charged in ordinary and concise language, in such manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense of which he is charged, and enable the court, on conviction, to pronounce the proper judgment. Code Crim. Proc., art. 428a. (2) The averments must be sufficiently certain to enable the accused to plead the judgment given upon it in bar of any prosecution for the same offense. Code Crim. Proc., art. 422.

APPEAL from the District Court of Travis. Tried below before Hon. F. G. MORRIS.

This appeal is from a conviction for assault with intent to commit robbery, the punishment assessed being ten years' imprisonment in the penitentiary.

No statement of facts in the record.

No briefs for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The charging part of this indictment is as follows, to wit: "That Sam Runnells * * * did * * * unlawfully in and upon Maud Hazen make an assault, and did then and there by said assault and by violence upon said Maud Hazen, and by putting the said Maud Hazen in fear of life and bodily injury, attempt to fraudulently take from the person and possession of said Maud Hazen, without her consent, the personal property of said Maud Hazen, with the intent then and there to appropriate said property to the use of him, the said Sam Runnells." It was urged, on motion to quash, that no offense was charged in the indictment. Motion in arrest of judgment was more specific, and moved to set aside the judgment, because it was not alleged that the assault was committed with intent to commit robbery. We are of the opinion neither motion was well taken. Ross v. The State, 30 S. W. Rep., 1065, and Atkinson v. The State, ante, p. 424. In addition to what was said in these cases, I desire to add the following: "Attempt," used in the indictment, sufficiently charges "intent" in setting out the offense of assault with intent to commit robbery. "Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words." Willson's Code Crim. Proc., art. 428o. It is generally sufficient, in charging an offense, to follow the language of the statute, or use words of equivalent or more comprehensive meaning. See Willson's Crim. Stats., sec. 1955, for cases cited. The word "attempt," as used here, is of more comprehensive meaning than the word "intent," which it is contended should have been used. The offense is charged "in ordinary and concise language, in such manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court on conviction to pronounce the proper judgment." Willson's Code Crim. Proc., art. 428a. And its averments are sufficiently certain to "enable the accused to plead the judgment given upon it in bar of any prosecution for the same offense." Id., art. 422. Tested by these rules, the indictment is sufficient. There are no other questions in the record, the statement of facts not having been sent up in the transcript.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.