Tony LUCERO, alias Tony Yanez,
Appellant,

v.

The STATE of Texas, Appellee.

Nos. 47804, 47805, 47807 and 47808.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Arthur A. Estefan, San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These appeals arise out of two convictions for felony theft and one conviction for assault with intent to commit robbery wherein the punishment was assessed in each case at ten (10) years and one conviction for rape wherein the punishment was assessed at twenty-five (25) years.

The records in these cases reflect that in each of these cases the appellant waived trial by jury and entered his pleas before the court. The cases were heard together, and at the same time [1] the court admonished the appellant individually as to each case.

We shall first discuss the grounds of error that are common to all of the cases.

Appellant complains that all of the convictions must be reversed because he en-

---

1. The cases were also heard together with Lucero v. State, 502 S.W.2d 128 (delivered December 12, 1973), wherein the appellant was charged with robbery by assault and which case was reversed.

tered a plea in each case which was unauthorized and unknown to law.

In first admonishing the appellant as to the rape charge, we find the following in the record:

"DEFENDANT: I plead guilty and nolo *contendre.*

"THE COURT: You plead what?

"DEFENDANT: I plead guilty and nolo *contendre.*

"THE COURT: Are you pleading guilty, or nolo *contendre,* because that is your plea?

"DEFENDANT: Yes, sir."

The remainder of the admonishment used similar terms. In the admonishment for the first felony theft charge, we find the following:

"THE COURT: What is your plea to this indictment—guilty or not guilty?

"DEFENDANT: Guilty on a nolo *contendre.*

"THE COURT: Guilty and a nolo *contendre?*

"DEFENDANT: Yes, sir."

Thereafter, in describing the plea the court used the term "guilty and nolo *contendre*" or "guilty or nolo *contendre.*"

In the admonishment on the robbery case, we find the following:

"DEFENDANT: I plead guilty and nolo *contendre.*

"THE COURT: Are you pleading guilty and nolo *contendre* because that is your plea?

"DEFENDANT: Yes, sir."

Later in the admonishment, the court referred to the plea as a "plea of guilty."

In the record the admonishment as to the second felony theft charge reflects the following:

"DEFENDANT: I plead guilty and nolo *contendre.*

"THE COURT: Are you pleading guilty and nolo *contendre* because that is your plea?

"DEFENDANT: Yes, sir."

Later, the court announced it would accept the "plea of guilty."

To add to the confusion, we observe that the docket sheets in all four cases indicate the appellant plead guilty, while the judgments in three of the cases reflect the plea was "guilty nolo contendere." The judgment in the second felony theft case (72–779) (No. 47,805), reflects the plea as "nolo contendere."

Appellant contends that Article 27.02, Vernon's Ann.C.C.P., lists the only pleadings permitted an accused, and that, while both a plea of guilty and a plea of nolo contendere are listed, the court could not accept both pleas or a plea of "guilty on a nolo *contendre.*" It is his contention that an accused is entitled to a single plea and cannot as a matter of right file more than one plea. See 22 C.J.S. Criminal Law § 416.

Article 27.02, Vernon's Ann.C.C.P., provides in part as follows:

"6. A plea of nolo contendere. The legal effect of such plea shall be the same as that of a plea of guilty, but the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based; . . .."

█ Under such statutory provision, the legal effect of a plea of nolo contendere is the same as a plea of guilty insofar as the criminal prosecution is concerned. Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W. 2d 56 (1960); Chavarria v. State, 425 S. W.2d 822 (Tex.Cr.App.1968); Fierro v. State, 437 S.W.2d 833 (Tex.Cr.App.1969).

■ While the court clearly should have made the appellant either enter one plea or another in light of his statements,[2] we conclude that it was the appellant's desire to enter pleas of nolo contendere in each of the cases.

The judgments in the rape, assault with intent to commit robbery and first felony theft cases are reformed to reflect that appellant entered pleas of nolo contendere.

In a series of grounds of error appellant complains of failure to comply with the requirements of Article 26.13, Vernon's Ann.C.C.P. Appellant complains that the court "failed to elicit any testimony with regard to the appellant's sanity in the case."

As noted earlier, the pleas of guilty were heard together and at the same time. During the admonishment on the first case—the rape charge—the court inquired of appellant's counsel if in his opinion the appellant was sane and of sound mind and knew the difference between right and wrong and understood the nature and consequences of his acts, which counsel answered in the affirmative and added, "In my opinion, he is sane and he is able to assist me in this hearing today."

Thereafter, the court made no further inquiry as to sanity. It is apparently this failure to inquire in each individual case as to whether appellant was of sound mind that appellant's counsel, who also represented him at trial, now complains of.

In Ring v. State, 450 S.W.2d 85, 88 (Tex.Cr.App.1970), the court noted that the careful practice usually followed was for trial judges to inquire into the accused's competency to stand trial before accepting a plea of guilty or nolo contendere incorporating such inquiry in the record, but, following the earlier decisions, held that unless an issue is made of the same the

court need not hear evidence or make inquiry. See Kane v. State, 481 S.W.2d 808 (Tex.Cr.App.1972); Thorn v. State, 491 S.W.2d 425 (Tex.Cr.App.1973), and cases there cited; White v. State, 495 S.W.2d 903 (Tex.Cr.App.1973); Williams v. State, 497 S.W.2d 306 (Tex.Cr.App.1973).

■ In the instant cases the court once inquired of appellant's counsel as to appellant's sanity, was able to observe him in open court, to hear him speak and to note his demeanor, and to engage in a colloquy with him regarding the voluntariness of his pleas. At no time was the issue of appellant's sanity ever raised. In light of the circumstances of these particular cases, the pleas being taken together, we cannot conclude the court failed to satisfy the requirements of Article 26.13, Vernon's Ann.C.C.P., with regard that "it plainly appeared to the court that the appellant is of sound mind."

Next, appellant complains that in determining the voluntariness of the pleas the court did not use the word "persuasion" and did not ascertain whether the pleas were being entered as a result of any "persuasion" as required by Article 26.13, supra. An examination of the record shows that in each instance the court inquired whether the pleas were being entered as a result of "fear," "false or delusive hope of pardon" and in addition inquired if the pleas were being entered as a result of threats, coercion, force, promises, and ascertained the pleas were freely and voluntarily entered. While the court's inquiry was not consistent in each case, we also find this inquiry in the record:

"THE COURT: Have either the State or the defense counsel in any way induced you to plead guilty on a promise of leniency on the part of the governor of the State, or any other promise to induce you to plead guilty?

2. While the admonishment (Article 26.13, Vernon's Ann.C.C.P.) and inquiry as to the plea are primarily the responsibility of the court, both the prosecutor and defense counsel are officers of the court and should have called to the court's attention the fact that appellant's plea was not clear-cut.

"DEFENDANT: No, sir."

Although the exact language of the statute should be used in the admonishment, we conclude that the inquiries in question were sufficient to reflect that the appellant was not entering his pleas as a result of any persuasion. See Kane v. State, 481 S.W.2d 808 (Tex.Cr.App.1972); Jackson v. State, 488 S.W.2d 451 (Tex.Cr.App.1972).

Still further, appellant contends that, while the court advised him as to the consequences of his pleas (the range of punishment), it failed to inquire whether he understood and appreciated the range of punishment. The contention is without merit. In each case, after advising the appellant what penalty could be inflicted, the court inquired whether the appellant persisted in his plea "understanding the range of punishment provided by law . . . ." The answer in each case was in the affirmative.

Appellant also contends the indictment in the assault with intent to commit robbery is fatally defective in that the word "attempt" is used instead of "intent." No motion to quash was filed and appellant waived the reading of the indictment at his trial.

The indictment alleges that appellant " . . . did and there in and upon VERNON BENSON, hereinafter called complainant, make an assault, and did then and there by said assault, and by violence upon the said complainant and by putting the said complainant in fear of life and bodily injury, *attempt* to fraudulently take from the person and possession of the said complainant the personal property of the said complainant with the intent then and there to appropriate said property to the use of him the said defendant; against the peace and dignity of the State." (emphasis supplied)

The word "attempt" is used only once and appears to be properly used. See 4 Branch's Ann.P.C., 2d ed., Sec. 1891.1, p. 221. Under any circumstances it would not appear the use of the word "attempt" instead of the word "intent" would vitiate the indictment. McCutcheon v. State, 363 S.W.2d 457, 459 (Tex.Cr.App.1962).

Appellant further advances the claim that the indictment in the second felony case is fatally defective because the automobile which is alleged to have been taken was described as property and not as corporeal personal property therein so as to bring the offense alleged within the definition of theft as prescribed by Article 1410, Vernon's Ann.P.C.

This precise point was decided contrary to appellant's contention in Sansbury v. State, 4 Tex.App. 99, 100 (1878).

Further, stolen property may be generally described in the indictment by the name usually applied to it. 4 Branch's Ann.P.C., 2d ed., Sec. 2611, p. 61.

In the rape case the appellant advances the claim that the court was without jurisdiction to try him for such offense without a jury since rape is a capital offense, and the court erred in accepting the waiver of a jury trial prior to the time the State had made it known to the court in writing that it would not seek the death penalty as required by Article 1.14, Vernon's Ann.C.C.P.

When the State goes to trial without having filed a written notice of intent to seek the death penalty, such action is tantamount to notifying the trial court that the State will not seek the death penalty, and, under such circumstances, a defendant may waive trial by jury and enter a plea of guilty or nolo contendere before the court. Ex parte Watkins, 489 S.W.2d 617

(Tex.Cr.App.1973), and cases there cited, including Smith v. State, 455 S.W.2d 748 (Tex.Cr.App.1970).

Further, the trial was conducted after the decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and the court in admonishing the appellant took into consideration the fact that death was not a possible punishment.

For the same reason, appellant's contention that the court should not have accepted stipulations under Article 1.15, Vernon's Ann.C.C.P., since the State had not waived the death penalty, is without merit.

Appellant still further complains that there was a fatal variance between the probata and allegata in the rape case. He contends the indictment alleged the rape offense was committed "by force, threats and fraud," and that the proof offered to support his plea did not show any fraud.

In Dyer v. State, 283 S.W. 820, 823 (Tex.Cr.App.1925), this court wrote:

"It has always been the rule that an indictment which charges a rape to have been committed by force, threats, and fraud, is fully sustained by proof of any one of these three methods thus alleged."

In 4 Branch's Ann.P.C., 2d ed., Sec. 1937, p. 256, it is said, "An indictment for rape may allege in one count that rape was committed by force, threats, and fraud, and proof of either will be sufficient."

The evidence stipulated showed a rape by force and threats. Appellant's contention is without merit.

The judgment as to the second felony theft case (No. 47,805) is affirmed.

As reformed, the other three judgments are affirmed.