**Ex parte Ronald Craig BAILEY.**

**No. 64611.**

Court of Criminal Appeals of Texas, En Banc.

June 11, 1980.

**332**

John B. Holmes, Jr., Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an application for writ of habeas corpus. Article 11.07, V.A.C.C.P.

Bailey was charged with murder under V.T.C.A., Penal Code, Section 19.02(a)(3), which reads as follows:

"(a) A person commits an offense if he:

" * * *

"(3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in the furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual."

The indictment states the following facts:

"And the Grand Jury aforesaid do further present in and to said Court at said term that RONALD CRAIG BAILEY, hereinafter referred to as the Defendant, on or about March 27, 1974, did then and there unlawfully commit and attempt to commit a felony, namely, Injury to a Child, and in the course of and in furtherance of the commission and attempt, the Defendant did commit and attempt to commit acts clearly dangerous to human life which did cause the death of Deandra Clark, hereafter styled the Complainant, namely, beating and bruising the Complainant, a child less than fifteen years of age, with a belt and by some manner and some means, instruments, and weapons unknown to the Grand Jury."

Bailey contends that his indictment is fundamentally defective because it fails to allege a culpable mental state. We disagree.

■■■ The indictment sets forth all the elements of the statute. We have held, since *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975), that only those indictments which fail to set forth an offense will be considered fundamentally defective and susceptible to challenge for the first time in a post-conviction writ of habeas corpus. *Ex parte Valdez*, 550 S.W.2d 88 (Tex.Cr.App. 1977); *Ex parte Seaton*, 580 S.W.2d 593 (Tex.Cr.App.1979); *Ex parte Sharpe*, 581 S.W.2d 183 (Tex.Cr.App.1979). No claims that petitioner was deprived of adequate notice can be raised in an action under Article 11.07, V.A.C.C.P.

The word attempt includes intent. See *Lucero v. State*, 502 S.W.2d 750 (Tex.Cr. App.1973). The indictment here is not fundamentally defective.

Petitioner's requested relief is denied.

CLINTON, Judge, dissenting.

Given the heavy emphasis in the penal code on existence of one or another culpable mental state [1] as an element of a penal offense,[2] I doubt the present viability of

---

1. V.T.C.A. Penal Code, Chapter 6, especially §§ 6.02 and 6.03.

2. V.T.C.A. Penal Code, § 1.07(13) defines "element of offense" to include "(A) the forbidden conduct; (B) the required culpability" and others, and "conduct" means an act or omission and "its accompanying mental state," *id.*, § 1.07(8).

*Lucero v. State*, 502 S.W.2d 750, 754 (Tex. Cr.App.1973) and other assault with intent to rob decisions under formal penal codes holding that "attempt includes intent." The genealogy is easily traced back to its 1895 progenitors, *Atkinson v. State*, 34 Tex. Cr.R. 424, 30 S.W. 1064 and *Runnells v. State*, 34 Tex.Cr.R. 431, 30 S.W. 1065, decided by the Court on the same day.[3] As set out in *Runnells* the charging part indictment read:

> "That Sam Runnells . . . did . . . unlawfully in and upon Maud Hazen make an assault, and did then and there by said assault and by violence upon said Maud Hazen, and by putting the said Maud Hazen in fear of life and bodily injury, *attempt* to fraudulently take from the person and possession of the said Maud Hazen, without her consent, the personal property of the said Maud Hazen, with the intent then and there to appropriate said property to the use of him, the said Sam Runnells."[4]

The Court refused to hold the indictment did not adequately charge the former offense of assault with intent to commit robbery—the allegation of "attempt," "in the connection in which it is used, embraces the technical word 'intent' as used in the statute," *Atkinson*, supra, 30 S.W. at 1065.[5]

It is, I believe, a dangerous doctrine that invokes a formerly accepted theory of attempted robbery by assault to decide sufficiency of allegations in a felony murder indictment. The latter formulation proceeds on the notion that the actor intended to commit a certain felonious offense but by his conduct actually effectuated another.[6] Patently, the principles at work are quite different.

In the "attempt" situation the actor harbors a highgrade intent but accomplishes a lesser offense. For felony murder, however, his felonious intent to commit the offense that fails is attributed to the act that kills, moving it more or less laterally. Since we condemn by law the culpable mind as much as the wrongful deed it directs, that the design of higher evil accompanies minor misconduct is of no moment in determining criminality. So to let "attempt" serve as "intent" to commit an offense more serious than what was actually done is understandable. But to permit a failed desire to be the *mens rea* of an offense that ordinarily is coupled with great malevolence is not. Accordingly, we only invite more troubles by allowing "attempt" to perform double duty as "intent"—*twice* in the indictment before us.

The statute denounces the attempt as well as the commission. Let us, then, omit the latter and rewrite the indictment as the majority wills, thusly:

> "And the Grand Jury aforesaid do further present . . . that RONALD CRAIG BAILEY, hereinafter referred to as the Defendant . . . did then and there unlawfully attempt to commit a felony, namely Injury to a Child, and in the course of and in furtherance of that attempt, the Defendant did attempt to commit acts clearly dangerous to human life which did cause the death of Deandra Clark . . . namely beating and bruising . . . with a belt and by some manner and some means, instruments, and weapons unknown to the Grand Jury."

An indictment must set forth the offense in plain and intelligible words. Article 21.02, V.A.C.C.P. Drawn as the majority allows

---

3. Thus, *Lucero* claims *McCutcheon v. State*, 363 S.W.2d 457, 459 (Tex.Cr.App.1962) which relies on *King v. State*, 127 Tex.Cr.R. 566, 78 S.W.2d 632 (1935) that in turn cites *Atkinson* and *Runnells*, supra.

4. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

5. As an element of the former assaultive offense, that "intent" would today be called "a specific intent." Converted by the new code into a criminal attempt offense, one of its elements expressly stated in V.T.C.A. Penal Code, § 15.01(a) is "with specific intent to commit" the object offense.

6. V.T.C.A. Penal Code, § 19.02(a)(3), under which the instant indictment was drawn, is the modern version of former Article 42, P.C.1925. See Practice Commentary following *id.*, § 19.02 at 9–10. Article 42, supra, began, "One intending to commit a felony and who in the act of preparing for or executing the same . . . ."

in given circumstances the one I have drafted above does not. By definition an attempt contemplates an act that tends but fails to effect commission of the offense intended. The more "attempt" is used in this indictment the more uncertain becomes the accompanying mental state. Thus, Bailey intends injury to a child but fails to effect it; he intends acts clearly dangerous to human life but fails to effect them. Yet, his unaccomplished ends somehow provide culpability for causing death of the child.

Instead of adapting an outmoded rationale we should insist that a felony murder indictment state outright the appropriate culpable mental state in relation to commission of acts that cause death.[7] Because the Court does not, I respectfully dissent.

ONION, P. J., and ROBERTS and PHILLIPS, JJ., join in this dissent.

7. Compare Texas Criminal Pattern Jury Charges, CPJC 19.02(a)(3) and McClung, Jury Charges for Texas Criminal Practice (Jan. 1979) 29–30.