**John HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–84–185–CR.**

Court of Appeals of Texas,
Austin.

June 5, 1985.

Charles W. Schiesser, Austin, for appellant.

Ronald Earle, Dist. Atty., Paul Womack, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

BRADY, Justice.

Appellant Hernandez was convicted by a jury for attempted capital murder and sentenced to life as a habitual offender. There are two grounds of error argued by appellant. Appellant's first ground of error argues that the motion to quash the indictment should have been granted by the trial court because the indictment failed to allege a description of the type of "lawful duty" the police officer was engaged in at the time the attempt was made on his life by appellant. Additionally, under this first ground of error, appellant alleges that the indictment did not allege what occurred after the defendant allegedly "pulled the trigger." Thus, appellant's first ground of error collectively argues that appellant was not afforded sufficient notice to defend because the indictment was ambiguous. The second ground urged was that the jury was "tainted" since one juror spoke to the police officer in the restroom. During this conversation, the officer remarked to the juror that "I'm the officer that the defendant tried to shoot at." The trial court overruled appellant's challenge for cause

and motion for mistrial. We will affirm the judgment.

On February 17, 1984, Austin police officer Merced Torres, received a radio call of an armed robbery which had just occurred at 220 Comal Street. Officer Torres had information that two hispanic males were involved and that they had gone in the direction of the Chalmer Courts after the robbery. The officer chased the appellant on foot after he observed him run into the apartment complex. Once inside the complex, Officer Torres questioned one of the residents. During this questioning, the officer spotted appellant within the residence. Appellant subsequently, in an attempt to shoot the officer, pulled the trigger of his handgun twice and the weapon misfired. The officer then grabbed appellant, and after a brief struggle, was able to subdue and handcuff appellant. A bag containing the money from the robbery was recovered at the scene.

 The indictment against appellant charged that:

John Hernandez ... with specific intent to commit the offense of capital murder, did an act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended, in that he intentionally attempted to cause the death of an individual, Merced Torres, a peace officer who was acting in the lawful discharge of an official duty and who John Hernandez knew was a peace officer, by pointing a gun at Merced Torres and pulling the trigger of the gun.

Appellant's motion to quash the indictment challenged the sufficiency of the indictment by alleging that his ability to prepare an adequate defense was hampered by the State's failure to describe in the indictment whether the officer was in an official duty at the time of the arrest. The language contained in the indictment is substantially the same as that used in *Aranda v. State*, 640 S.W.2d 766 (Tex.App.1982, no pet.). In *Aranda*, the Court rejected the argument that the indictment was unconstitutionally vague for failure to set forth specific facts

denoting the "official duty" of the officer. In order that a defendant may properly prepare his defense, it is the actions of the defendant, not the victim's, that must be specifically stated in the indictment. *Haecker v. State*, 571 S.W.2d 920 (Tex.Cr. App.1978). We hold, therefore, that the indictment was not void for vagueness on this ground.

 Appellant, however, also contends that the indictment was fundamentally defective because it did not contain allegations as to what occurred after the trigger of the gun was pulled. An indictment alleging criminal attempt is sufficient if it "alleges sufficient facts from which a legal conclusion can be drawn that the actor did an act amounting to more than mere preparation that tends but failed to effect the commission of the offense intended." *Patteson v. State*, 633 S.W.2d 549 (Tex.Cr. App.1982). While an indictment must allege sufficient facts to apprise the defendant of the charge against him, unless a fact is essential to notice, the indictment need not plead the evidence relied on by the State. *May v. State*, 618 S.W.2d 333 (Tex. Cr.App.1981). We do not perceive how pleading what occurred after the trigger was pulled could be essential to notice. The defendant in this case was certainly notified that he was being charged with attempted capital murder. Appellant's first ground of error is overruled.

██ At the jury selection stage of defendant's trial, the juror in question had volunteered to the trial judge that he had inadvertently talked to the police officer while they were in the restroom. The juror stated that, although he did not know his name, he recognized the officer as having been one of his younger sister's classmates from high school. The juror indicated further that he and the officer rode upstairs on the elevator. While in the men's room together the juror asked the officer who he was. The juror stated that the officer told him that he was the one that the defendant (appellant) shot at. The trial court overruled appellant's challenge for cause, and made findings based on statements made

by the juror in question that the brief conversation in the restroom between the police officer and the juror would in no way influence the juror or affect his verdict.

Appellant cites *McMahon v. State*, 582 S.W.2d 786 (Tex.Cr.App.1978), for the proposition that a juror's conversation with an unauthorized person concerning a case creates a presumption that the defendant was injured thereby. However, the Court in *McMahon* also held that this presumption is rebuttable. *Id.* Indeed, the Court stated, "Before a new trial will be warranted, there must be injury to the accused. Thus, if it is shown that the case was not discussed, or that nothing prejudicial to the accused was said, then the verdict will be upheld." *Id.* at 793. In *Chambliss v. State*, 647 S.W.2d 257 (Tex.Cr.App.1983), a juror engaged in a discussion with the victim's sister. The Court stated that while the juror had no business talking to the victim's sister, the record did not reflect that the conversation influenced the juror in any way. The court went on to state:

> As we read Article 36.22, though, its main purpose is to prevent an outsider from saying anything that might influence a juror.

*Id.* at 266. The record in the instant case reflects that the trial judge found the following:

> The juror testified that his knowledge of the witness was slight and in no way would influence his verdict in this case, and that he would treat this witness the same as any other witness.

> And secondly, the one sentence fragment that passed between them, the juror testified would in no way affect his verdict, that he totally put it out of his mind ... that he would base his verdict solely on what he heard in the courtroom.

> And based on that, I find that the sentence fragment in no way affected the Defendant in this case. That little fragment, certainly, will be repeated at length, here in court before the juror.

We hold that the slight conversation between the juror and the officer in the case at bar was not so prejudicial as to require reversal of this conviction.

We affirm the judgment of the trial court.