**Ex parte Eugene Cliff BARTMESS.**

**No. 69,842.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 28, 1987.

Eugene Cliff Bartmess, pro se.

Billy Bandy, Dist. Atty., Athens, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

This is a post-conviction application for a writ of habeas corpus brought under Article 11.07, V.A.C.C.P.

On June 8, 1984, applicant was convicted of attempted murder under V.T.C.A., Penal Code Sections 15.01(a) and 19.02(a)(1), and sentenced to twelve (12) years imprisonment. On direct appeal, 708 S.W.2d 905, the Twelfth Court of Appeals affirmed the conviction. No petition for discretionary review was filed.

Applicant contends, for the first time in this action, that the indictment failed to provide adequate notice and is fundamentally defective because it fails to allege a culpable mental state. We disagree, and consequently deny the relief requested.

A claimed deprivation of adequate notice cannot be raised for the first time in an Article 11.07 action. *Ex parte Bailey*, 600 S.W.2d 331 (Tex.Cr.App.1980). Therefore, applicant's contention of failure to receive proper notice will not be entertained.

Concerning applicant's alternate contention that the indictment is fundamentally defective because it fails to allege a specific intent to commit murder, only indictments which fail to set out an offense will be considered fundamentally defective and susceptible to a challenge for the first time in a post-conviction writ of habeas corpus. *Ex parte Bailey*, supra; *Ex parte Huff*, 583 S.W.2d 774 (Tex.Cr.App.1979). The instant indictment sets forth all the elements of attempted murder, including intent, thus, it is not fundamentally defective.

The indictment alleges that the applicant,

did then and there attempt to cause the death of an individual, namely: Keith Haley, by shooting him with a handgun, said attempt amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

The elements necessary to establish attempt are: (1) a person, (2) with specific intent to commit an offense, (3) does an act amounting to more than mere preparation that (4) tends, but fails to effect the commission of the offense intended. V.T.C.A., Penal Code Section 15.01; *McCravy v. State*, 642 S.W.2d 450 (Tex.Cr.App.1982) (opinion on rehearing). For attempted murder under Section 19.02(a)(1), the specific intent required as an element of Section 15.01 is the intent to cause the death of an individual. V.T.C.A., Penal Code Section 19.02(a)(1); *Rocha v. State*, 648 S.W.2d 298 (Tex.Cr.App.1982).

■ The instant indictment alleges that the applicant "did then and there attempt to cause the death of an individual," thus substituting the word "attempt" for the word "intent". This Court has long held that the allegation of attempt satisfies the need for a culpable mental state as to the attempted felony. *Ex parte Bailey*, supra. Use of the word "attempt" rather than "intent" does not render an indictment fundamentally defective on the ground that it fails to allege specific intent. *Whitlow v. State*, 609 S.W.2d 808 (Tex.Cr.App.1980); *Ex parte Pousson*, 599 S.W.2d 820 (Tex.Cr. App.1980); *Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App.1978); *Lucero v. State*, 502 S.W.2d 750 (Tex.Cr.App.1973).

■ The rationale for this longstanding precedence is definitional in nature. The word "attempt", by its very definition, implies an intent plus an actual effort to carry out or consummate the intended act. *Dovalina v. State*, supra; 4 Branch's Ann. P.C.2d, Sections 1866, 1891.1. Thus, "attempt" includes the mental state of "intent" by comprising a more comprehensive meaning. Accordingly, the instant indictment which alleges an attempt to cause the death of an individual necessarily incorporates an allegation of intent to do the same, thus satisfying the mens rea requirement for attempted murder.

Having found the indictment valid and devoid of fundamental defects, the relief requested is denied.

ONION, P.J., dissents.

CLINTON, J., dissents for reasons set out in his dissenting opinion in *Ex parte Bailey*.