Honorable David T. Garcia Brooks County Attorney P.O. Box 557 Falfurrias, Texas 78355
Re: Whether a court may satisfy the "admonishment" requirements of article 26.13 of the Code of Criminal Procedure by showing the defendant a video tape (RQ-1554)
Dear Mr. Garcia:
You ask whether a court may satisfy the admonishment requirements of article 26.13 of the Code of Criminal Procedure before accepting a plea of guilty by showing the defendant a video tape presentation of the judge giving the admonitions.
Article 26.13 provides:
 (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
(1) the range of the punishment attached to the offense;
 (2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere;
 (3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial; and
 (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.
 (b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.
 (c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.
 (d) The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally. (Emphasis added.)
Prior to the amendment that resulted in the addition of subsection (d), the statute was explicit in requiring "the court shall admonish the defendant." House Bill 95 added subsection (d) of article 26.13, effective August 31, 1987, providing that the court may make the admonitions orally or in writing. Acts 1987, 70th Leg., ch. 443, at 2021.
In the video tape scenario you have submitted you state "that the court would require the defendant and his attorney to sign a written statement that the defendant understood the admonitions and is aware of the consequences of his pleas."
In Boykin v. Alabama, the United States Supreme Court held, "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." 395 U.S. 238, 242. The court emphasized the importance of this stage of the plea of guilty proceeding. In Boykin, the court stated:
 A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. See Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009. Admissibility of a confession must be based on a `reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.' Jackson v. Denno, 378 U.S. 368, 387, 84 S.Ct. 1774, 1786, 12 L.Ed.2d 908. The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: `Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'
We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. Douglas v. Alabama,380 U.S. 415, 422, 85 S.Ct. 1074, 1078, 13 L.Ed.2d 934.
Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145,88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065,13 L.Ed.2d 923. We cannot presume a waiver of these three important federal rights from a silent record.
 What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (Garner v. Louisiana, 368 U.S. 157, 173, 82 S.Ct. 248, 256, 7 L.Ed.2d 207; Specht v. Patterson, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326), and forestalls the spin-off of collateral proceedings that seek to probe murky memories. (Emphasis added.)
Boykin, 395 U.S. 238, 242-44.
The "substantial compliance" provision of subsection (c), of article 26.13 has been applied to the sufficiency of the language used rather than the method of giving the admonitions. Whitten v. State, 587 S.W.2d 156 (Tex.Crim.App. 1979). In Whitten, the state urged that the defendant had heard the prosecutor give a portion of the admonitions that had been omitted by the judge. On rehearing, the court cited Boykin and concluded that the statute then in force and due process mandated the judge's participation.587 S.W.2d 156, 158-59.
The importance of the court's actual participation in the admonitions is reflected in Lucero v. State, 502 S.W.2d 750
(Tex.Crim.App. 1973). In Lucero four cases were tried together before the court upon pleas of guilty. On appeal it was urged that the court had failed to determine the mental competence of the appellant in each case. In rejecting the appellant's contention, the court stated:
 In the instant cases the court once inquired of appellant's counsel as to appellant's sanity, was able to observe him in open court, to hear him speak and to note his demeanor, and to engage in a colloquy with him regarding the voluntariness of his pleas. At no time was the issue of appellant's sanity ever raised. In light of the circumstances of these particular cases, the pleas being taken together, we cannot conclude the court failed to satisfy the requirements of Article 26.13, Vernon's Ann.C.C.P. . . . (Emphasis added.)
Lucero, 502 S.W.2d 750, 753.
While the foregoing cases predated the 1987 amendment, they reflect the importance the courts have placed on the judge's participation in determining that the defendant has a full understanding of what the plea connotes and of its consequences.
Without addressing the validity of the 1987 amendment, we conclude that the video tape showing of the judge giving the admonitions is not the functional equivalent of the written procedure allowed by subsection (d). The written admonitions allow time for study and reflection and an opportunity for the defendant to identify for his lawyer and the judge any words or phrases he does not understand. Further, the Court of Criminal Appeals has demonstrated a reluctance to approve any method of giving the admonitions not authorized by article 26.13. The utilization of the video presentations does not satisfy the requirements of article 26.13.
 SUMMARY
A court may not satisfy the requirements of article 26.13
of the Code of Criminal Procedure before accepting a plea of guilty or nolo contendere by showing the defendant a video tape presentation of the judge giving the admonitions.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General