George William SNOWDEN, Appellant,

v.

STATE of Texas, State.

No. 2–89–019–CR.

Court of Appeals of Texas, Fort Worth.

Jan. 31, 1990.

Discretionary Review Refused May 2, 1990.

Barry G. Johnson, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, and Lisa C. McMinn, Asst. Dist. Attys., Fort Worth, for appellee.

Before FARRIS, LATTIMORE and MEYERS, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, George William Snowden, was prosecuted for the offense of passing a forged instrument. TEX.PENAL CODE ANN. § 32.21 (Vernon 1989). Trial was to a jury which returned a verdict of guilty. The jury found the enhancement paragraph to be true and assessed a penalty of eighty years in the Texas Department of Corrections. Appellant has perfected his appeal to this court.

We affirm.

Appellant does not contest the sufficiency of the evidence against him. Therefore, only a brief recitation of the facts is necessary. Ford, the victim, discovered that checks were missing from her mailbox. She notified the bank that the checks had been stolen. That same day, appellant presented a check at Landmark Bank in Arlington. The check was made payable to cash and was drawn on Ford's account at that bank. The record reflects that a postal inspector had been following appellant. At the time appellant attempted to cash the check, the inspector went into the bank and advised the teller not to complete the transaction. The inspector called the police to report a forgery in progress. Snowden attempted to flee and after a high-speed chase, he was apprehended and arrested by police. Ford testified she did not sign the checks or authorize anyone else to sign them. Snowden was indicted, brought to trial, and convicted of forgery.

In appellant's first point of error, he complains that the underlying conviction in the enhancement paragraph was void. The underlying conviction used for enhancement was based upon a charge of forgery. Appellant complains on this appeal that in the indictment for that conviction, it cannot be ascertained whose name was allegedly forged or whose name is alleged to have been signed to the instrument. Appellant appears to be making this objection for the first time on appeal.

Appellant's attack on the use of a prior conviction is a collateral attack with a burden of proof similar to habeas corpus. *See Hankins v. State*, 646 S.W.2d 191, 200 (Tex.Crim.App.1981) (opinion on reh'g). Only a fundamentally defective indictment can be collaterally challenged in a post-conviction habeas corpus proceeding. *Ex parte Bartmess*, 739 S.W.2d 51, 52 (Tex. Crim.App.1987); *Ex parte Bailey*, 600 S.W.2d 331 (Tex.Crim.App.1980).

An indictment is the written statement of the grand jury accusing a person of some act or omission declared by law to be illegal. TEX. CODE CRIM.PROC.ANN. art. 21.01 (Vernon 1989). In essence, an indictment consists of four parts: (1) the caption; (2) the commencement; (3) the charge; and (4) the conclusion. An indictment has a formal part or language which statutorily must be included and it has a substantive part which sets out the elements of the offense with which the accused is charged.

There are two types of defects which apply to indictments. First, and most importantly, is the fundamental defect. This defect deprives the trial court of jurisdiction to render a judgment on the criminal offense before it. *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Crim. App.1974), *appeal dism'd*, 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795 (1975). A defect of this nature can appear in the formal part or the substantive part of the indictment. Any judgment rendered upon an indictment which is fundamentally defective is void. *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Crim.App.1976). The other type of defect is called a formal defect. This defect is so named because it is a defect of form.

One may only complain of a formal defect at the trial court level, through a motion to quash. A fundamental defect can be raised at any time, including upon appeal.[1] It is critical to appellant's successful appeal that we find this indictment is fundamentally defective. If we find that the defect in this indictment, if any, is merely a formal defect and the record does not indicate that a motion to quash was made at trial, appellant's right to complain of this defect is waived. *Ex parte Cannon*, 546 S.W.2d 266. *See also* TEX. CODE CRIM. PROC.ANN. art. 1.14(b) (Vernon Supp. 1990).

Appellant alleges that the indictment is fatally defective because of those names listed in the tenor clause, it does not indicate which one, if any, was the signature appellant allegedly forged.

It is uncontroverted that the indictment tracked the language of the statute that was then in effect. *See* TEX. PENAL CODE ANN. art. 979 (Vernon 1948). An indictment is usually considered sufficient if the offense alleged in its substantive portion tracks the language of the statute. *Thomas v. State*, 621 S.W.2d 158 (Tex. Crim.App. [Panel Op.] 1980); *Parr v. State*, 575 S.W.2d 522 (Tex.Crim.App. [Panel Op.] 1978). Additionally, unless a fact is essential to provide notice, the indictment need not plead the evidence relied on by the State. *Hernandez v. State*, 692 S.W.2d 190 (Tex.App.—Austin 1985), *pet. ref'd per curiam*, 709 S.W.2d 1 (Tex.Crim.App.), *cert. denied*, 479 U.S. 860, 107 S.Ct. 207, 93 L.Ed.2d 137 (1986).

The constitution requires adequate notice of the charges against him to be given the defendant. *Garcia v. State*, 720 S.W.2d 655 (Tex.App.—San Antonio 1986), *aff'd*, 747 S.W.2d 379 (Tex.Crim.App.1988). However, the accused is not entitled to be notified of the means by which the State will prove its allegation. *See Daniels v. State*, 754 S.W.2d 214 (Tex.Crim.App.1988).

■ The record reflects the language which was used in the indictment. It reads in pertinent part:

> GEORGE WILLIAM SNOWDEN ... did then and there wilfully [sic], knowingly and fraudulently pass and attempt to pass as true to one Tom Kane a false and forged instrument in writing which had theretofore been made without lawful authority, and with intent to injure and defraud, which said false and forged instrument in writing was then and there of the tenor as follows, to-wit: [Tenor portion omitted.] and which said instru-

---

**1.** The Courts of Appeals are split on the issue of whether TEX. CODE CRIM.PROC.ANN. art. 1.14(b) makes fundamental error waiveable. *See Shaw v. State*, 728 S.W.2d 889, 890 (Tex. App.—Houston [1st Dist.] 1987, no pet.) (fundamentally defective indictment not objected to waived the right to complain on appeal); *Studer*

*v. State*, 757 S.W.2d 107, 109 (Tex.App.—Dallas 1988, pet. granted) (fundamental defect not waiveable). Our disposition of this case does not require that we make a determination of the applicability of article 1.14(b) to fundamental defects. We decline to do so.

ment in writing, the said Defendant then and there well knowing to be false and forged, said Defendant did then and there pass and attempt to pass the same as true, with intent to injure and defraud. . . .

We think the indictment is sufficient to apprise appellant of the offense the State alleges he has committed. We find that the precise signature which appellant allegedly forged is evidentiary in nature and goes to the State's proof at trial. Appellant does not allege the proof offered at trial was different than that which was alleged in the indictment. *See Jiminez v. State,* 552 S.W.2d 469 (Tex.Crim.App.1977).

We find that the defect in this indictment, if any, was not fundamental but merely formal. This indictment is not fatally defective on its face.

We hold that the underlying conviction is not void. Appellant's first point of error is overruled.

In appellant's second point of error, he complains the State improperly referred to appellant's failure to testify in its final argument.

■ In its final argument, the State made comments which essentially reflected its surprise that the defense counsel had argued to the jury that they ignore the only evidence which had been placed before them during the punishment phase. Further, the State commented that the only evidence before the jury indicated the enhancement paragraph was true. Appellant complains that by drawing the jury's attention to the fact that the only evidence placed before them was the evidence offered by the State, the State has made an improper comment upon appellant's failure to testify. We do not agree.

For a statement to constitute a comment on the failure of a defendant to testify, the language used must be manifestly intended or of such a character that the jury would naturally and necessarily interpret it as a comment on the defendant's failure to testify. *Losada v. State,* 721 S.W.2d 305, 313 (Tex.Crim.App.1986). It is not sufficient that the language might be construed as an

implied or indirect allusion thereto. *Banks v. State,* 643 S.W.2d 129, 134 (Tex.Crim. App.1982), *cert. denied,* 464 U.S. 904, 104 S.Ct. 259, 78 L.Ed.2d 244 (1983). Here, the record reflects the prosecutor was pointing out to the jury that the only evidence placed before them indicated that the enhancement paragraph was true. The record does not reveal, by implication or otherwise, that other evidence was available to be presented to the jury to-wit: the testimony of the defendant. We conclude from our reading of the record that the State was merely pointing out to the jury that the defense counsel wanted them to ignore the only evidence they had before them. We do not find this argument is of a character that the jury would naturally and necessarily interpret it as a comment on the defendant's failure to testify.

Appellant's second point of error is overruled.

In appellant's third and final point of error, he complains the trial court erred in charging the jury that it could convict appellant "if it appears that someone might be injured or defrauded" by the alleged conduct of appellant.

■ It is appellant's contention that such an instruction would permit a conviction on the basis of speculative evidence. Appellant was convicted under TEX. PENAL CODE ANN. § 32.21(a) & (b) (Vernon 1989) which reads in pertinent part:

(a) For purposes of this section:

(1) "Forge" means:

(A) to alter, make, complete, execute, or authenticate any writing so that it purports:

(i) to be the act of another who did not authorize that act;

(ii) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or

(iii) to be a copy of an original when no such original existed;

(B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision; or

(C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B) of this subdivision.

(2) "Writing" includes:

(A) printing or any other method of recording information;

(B) money, coins, tokens, stamps, seals, credit cards, badges, and trademarks; and

(C) symbols of value, right, privilege, or identification.

(b) A person commits an offense if he forges a writing with intent to defraud or harm another.

*Id.* When placed in its proper context, the instruction by the trial court compels us to come to a conclusion different from that which appellant argues. The court instructed the jury:

The passing of a forged writing, to constitute a

forgery, must be done with intent to defraud or harm another, but it is not required, in order to constitute this offense, that the person in committing it intended to defraud or harm any particular person, or that any particular person was defrauded or harmed by the forgery. It is sufficient if it appears that someone might be injured or defrauded thereby, but the jury must believe from the evidence *beyond a reasonable doubt* that the intent of the person was to defraud or harm some person by the means alleged. [Emphasis added.]

We think that a fair reading of the instruction, which the trial court gave to the jury, indicates that the instruction properly reflects the relevant statute. We are convinced that the jury was not instructed that they could convict upon a finding of speculative or uncertain evidence. We find that they could only convict if they believed the evidence of guilt beyond a reasonable doubt. We are further persuaded that this is particularly true in light of the court's instruction "but the jury must believe from the evidence beyond a reasonable doubt that the *intent* of the person was to defraud or harm some person by the means alleged."

We find appellant's third point of error unsupported by the record. Appellant's third point of error is overruled.

We affirm the judgment of the trial court.