Harmon v. Reed 










NO. 10-91-060-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          BYRON KEITH HARMON,
                                                                                            Appellant
          v.

          WILLIAM REED,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 52nd Judicial District Court
Coryell County, Texas
Trial Court # 25,690

* * * * * * * * * * * * *

MEMORANDUM OPINION

* * * * * * *
          Byron Keith Harmon appealed from an order of dismissal signed March 14, 1991. The
transcript does not contain a motion for a new trial; thus, the record was due in this court on May
13. See Tex. R. App. 54(a). The transcript was filed on April 8, making Appellant's brief due
May 8. See id. at 74(k). To date, no brief has been filed on Appellant's behalf. 
          The appeal is dismissed for want of prosecution. See id. at 74(l)(1).
                                                                                 PER CURIAM
Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Dismissed
Opinion delivered and filed July 11, 1991
Do not publish 



The elements which must be included in an indictment for criminal attempt are: (1) a
person, (2) with specific intent to commit an offense, (3) does an act amounting to more than mere
preparation, (4) which act tends but fails to effect the commission of the offense intended. Id. at
§ 15.01(a) (Vernon Supp. 1991); Ex parte Bartmess, 739 S.W.2d 51, 53 (Tex. Crim. App. 1987). 
An indictment for criminal attempt is not fundamentally defective if it fails to allege the elements
of the offense attempted. Jones v. State, 576 S.W.2d 393, 395 (Tex. Crim. App. [Panel Op.]
1979).
          An indictment which charges a defendant with the "attempt to cause the death of a police
officer with the specific intent to commit the offense of murder sufficiently alleges the offense of
attempted capital murder." Ex parte Pousson, 599 S.W.2d 820, 822 (Tex. Crim. App. 1980). 
Likewise, an indictment which alleges that the defendant intended to commit capital murder and
attempted to cause the death of peace officers sufficiently charges attempted capital murder. 
Gelabert v. State, 712 S.W.2d 813, 817 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd). 
Clearly, Appellant's indictment contained all the allegations required for criminal attempt: (1)
Appellant, (2) with specific intent to commit capital murder, (3) did an act which amounted to
more than mere preparation, i.e., shot at the officers, (4) which tended but failed to effect the
commission of the offense. See Bartmess, 739 S.W.2d at 53. Point one is overruled.
          Appellant's second point is that the evidence was insufficient to prove that she aided or
attempted to aid David Mangrum in attempting to commit capital murder. When reviewing a
complaint of insufficient evidence, the question is whether, viewing the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App.
1989).
          Because there was no evidence that Appellant actually shot at the officers, the only way
she could be found guilty of attempted capital murder was under the law of parties. Participation
as a party may be inferred from the circumstances and need not be shown by direct evidence. 
Freeman v. State, 654 S.W.2d 450, 454 (Tex. Crim. App. 1983). Furthermore, an actual verbal
agreement to participate in the offense is not necessary as long as the evidence shows "an implicit
agreement to commit the offense formulated contemporaneous with the offense." Curtis v. State,
573 S.W.2d 219, 222 (Tex. Crim. App. 1978).
          Officer Wilkerson, who was shot by Mangrum, testified that he saw Appellant on the bed
beside Mangrum. Officer Radney claimed that, when he entered the bedroom, he saw the back
of Appellant's head and the barrel of a "long gun" in her hands. He considered both Appellant
and Mangrum to be "equal threats." When he saw Appellant starting to turn towards the officers,
Radney shot her to prevent her from shooting at them. Appellant, he said, appeared to be
attempting to join Mangrum in shooting at the officers.
          Officer Bennett also saw Appellant in a crouched position with her back to the door of the
bedroom, holding a rifle or shotgun. He claimed that, after the barrage of gunfire, Appellant was
lying face down on top of the gun, which had to be "jerk[ed]" away from her. When Officer
Herbert observed Appellant turning towards the officers, he knew he could not "let her turn
around with that gun, [or] she would get us all." Herbert, who believed that Appellant was trying
to shoot at the officers, speculated that had she not been shot Appellant "probably would have got
at least two" officers. After Appellant fell on the gun, Herbert noticed some resistance as Officer
Baier "pulled [the gun] out" from underneath her. Baier claimed that, after trying to remove the
gun gently so as not to further injure Appellant, he "had to jerk [the gun] hard the second time to
actually pull it from underneath" her.
          Based on this testimony and the record as a whole, any rational trier of fact could have
determined that Appellant, who possessed a firearm, who turned towards the officers with it in her
hands, thereby distracting the officers away from Mangrum, aided or attempted to aid David
Mangrum in attempting to commit capital murder. Accordingly, point two is overruled.
          Appellant asked the court to instruct the jury on the law of self-defense. Point three is that
the court erred when it denied her request. A defendant is entitled to the affirmative submission
of every defensive issue raised by the evidence. Sanders v. State, 707 S.W.2d 78, 80 (Tex. Crim.
App. 1986). However, before an instruction on self-defense is required, there must be some
evidence that the defendant was in some apprehension or fear of the unlawful use of force by the
complainant. Smith v. State, 676 S.W.2d 584, 585 (Tex. Crim. App. 1984).
          Here, the officers were executing a valid search warrant and used force only after being
provoked by Appellant and Mangrum. Thus, the officers' use of deadly force was lawful, and the
evidence did not raise the issue of self-defense. See Zwack v. State, 757 S.W.2d 66, 69-71 (Tex.
App.--Houston [14th Dist.] 1988, pet. ref'd); Preston v. State, 756 S.W.2d 22, 24-25 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd). Point three is overruled.
          Appellant complains in point four that the court erred when it allowed Officer Radney to
testify, over her objection, that she was attempting to aid Mangrum. Her objection at trial was
that the testimony "invad[ed] the province of the jury, and [was] also a conclusion that [Radney
was] not qualified to make." This point is overruled for two reasons. First, testimony is not
objectionable merely "because it embraces an ultimate issue to be decided by the trier of fact." 
See Tex. R. Crim. Evid. 704. Second, similar testimony was admitted without timely objection,
which resulted in the waiver of this complaint. See Cain v. State, 549 S.W.2d 707, 716-17 (Tex.
Crim. App. 1977).
          Point five is that Officer Herbert's speculation about what would have happened if
Appellant had not been shot was improper. Officer Bennett testified, without objection, that being
shot with Appellant's gun would have been deadly and that if she had "turn[ed] around with the
gun, she would [have shot] us all." Because this similar testimony was admitted without
objection, Appellant has waived her complaint. See id. Point five is overruled.
          After Appellant and Mangrum were shot, officers searched Mangrum's house under a
search warrant. Among the items seized in the search were various narcotics, including
phenylacetone, methamphetamine, amphetamine, marihuana, marihuana seeds, and syringes and
spoons commonly used with drugs. Appellant argues in point six that the court erred when it
admitted the narcotics and paraphernalia into evidence over her objections.
          Whether to admit evidence is a question for the trial judge, and his decision will not be
disturbed on appeal except for an abuse of discretion. Crank v. State, 761 S.W.2d 328, 342 (Tex.
Crim. App. 1988). Although a defendant should not be punished for a collateral crime or for
being a criminal generally, the facts and circumstances surrounding the commission of the offense
can be considered by the jury. Lomas v. State, 707 S.W.2d 566, 568 (Tex. Crim. App. 1986). 
Events do not occur in a vacuum and, even though prejudicial, evidence explaining the context of
an offense is usually admissible. Mann v. State, 718 S.W.2d 741, 744 (Tex. Crim. App. 1986). 
If the evidence concerns a continuous transaction or another offense which is part of the case on
trial, or closely interwoven with it, the evidence is admissible to show the context of the offense. 
Taylor v. State, 420 S.W.2d 601, 605 (Tex. Crim. App. 1967).
          Here, officers went to Mangrum's house to execute a valid search warrant. When they
arrived, they announced that they were police officers acting under a search warrant and entered
the house. Officer Wilkerson, the first officer to enter the house, was shot as he reached the
doorway of a bedroom. A barrage of gunfire followed, which resulted in Mangrum being killed
and Appellant being injured. Once the gunfire ceased and the house was "secure," officers
searched the house under the warrant. During the search, they discovered the narcotics and
paraphernalia which were introduced into evidence at Appellant's trial. The drugs were located
in plain view in close proximity to where Appellant had been throughout the exchange of gunfire.
          Not only did the drugs and paraphernalia show the context in which the offense occurred,
their presence in close proximity to Appellant tends to explain her motive for attempting to shoot
at the officers. Based on this evidence and the record as a whole, we cannot say that the court
abused its discretion when it admitted the items into evidence. Point six is overruled and the
judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 20, 1991
Do not publish